WM. GAIGE & SAMUEL WALKER vs. HIRAM LADD.

A defendant of whom a recovery is had in an action of ejectment has a right to file his declaration for betterments by Statute.

A Court cannot refuse to permit such declaration to be filed, in consequence of what appeared on trial of the action of ejectment

Whether a party is entitled to recover for his betterments must be determined on trial of the declaration filed therefor, and cannot be decided by the Court who gave judgement in the action of ejectment, on motion.

In the County Court the plaintiffs against whom a recovery was had in an action of ejectment brought by defendant against them, moved to file their declaration for betterments on lot No. 26, in the 3d division of lands in the town of Bristol, drawn to the original right of Samuel Willis, in order to recover for betterments which they have made on said lot.

On the trial, Ladd introduced evidence tending to show that he and those under whom he held, had been in possession of the premises for about 25 years until the ouster by Gaige & Walker. It also appeared that Gaige & Walker went into possession in the Spring of 1831, claiming to hold the premises, not as lot No. 26, in the 3d division but as the Dean pitch in said Bristol. The jury found the premises in question to be lot No. 26, in the 3d division.

On hearing, the Court overruled said motion, to which the plaintiff's made exceptions. Exceptions were allowed, and the case now comes here for revision.

*H. Needham, for plaintiffs*, insisted that there is error in this case; for that the Statue laws of this State authorizes and gives the defendant in any case where judgement is rendered against him in ejectment a right to file his declaration for betterments. Rev. Stat. Law, 182; Pamphlet Laws, 1827, 4; Do. 1828, 5.

*Bradley & Woodbridge*, for defendant.

The defendant contends that the plaintiffs by the act of the General Assembly of this State, passed November 15, 1820, were not entitled to file a Bill for betterments in this case—by that act the defendant in ejectment can file his bill of betterments where he had gone into possession by purchase or lease, and had taken possession of the land previous to the passing of the act aforesaid. See Rev. Stat. p, 182.

This act was extended by act of the Legislature passed October 29, 1828. See Pamphlet, p. 5.

It appears by the exceptions in this case that the plaintiffs went into possession of the lands in question in the Spring of the year, A. D. 1831, and then not by or under a purchase lease or color of title, but claimed the premises as part of a lot called the Dean pitch in said Bristol.

For the reasons aforesaid, the defendant contends that plaintiffs had no right to file a bill of betterments, as they did not take possession of the land by or under a supposed title or lease of the same, and did not take possession at all till 1831, or make any improvements till after that period, and the acts aforesaid had expired by their own limitation, Oct. 29, 1828, so that the respective rights of each party stood as at common Law.

The opinion of the Court was delivered by

WILLIAMS, J.—Gaige & Walker against whom a recovery was had in an, action of ejectment brought by Ladd against them, attempted to file a declaration for betterments agreeably to the provisions of the Statute. This was opposed by Ladd on the ground, that it appeared on the trial of the action of ejectment, that they did not take possession until after the passing of the act giving this pro-

ADDISON, Jauary, 1833.

Gaige & al vs. Ladd.

cess to recover for improvements made by a *bona fide* possessor of lands. The County Court refused to permit them to file their declaration. And an exception was taken to the decision of the County Court in refusing this permission. In this, the decision of the County Court was erroneous. The right to file a declaration for betterments is given by Statute, and does not depend on the facts which appear in evidence, or the proceedings had in the trial of the action of ejectment. It is given on the recovery of a judgement in that action, and it is not essential that there should be any trial of the merits of the action of ejectment. A defendant who is sued in an action of ejectment may abandon all defence and suffer a judgement to pass against him by default, or *nil dicit*, and if he is entitled to betterments may file his declaration and recover therefor.

It is on the trial to be had on this declaration that it must be determined whether the person seeking to recover for the improvements which he has made on lands of which he has been in possession, and entered under a supposed title within the time limited by the Statute, is entitled to the benefit therein provided. These questions cannot be decided by the Court on an objection to filing a declaration, but must be left to the decision of a jury who may be impannelled to try the action for betterments. If the Statute operates unfavourably, by causing a delay of the writ of possession, it is incident to the nature of the proceeding, and the Court cannot remedy the fault, if there is any.

The judgement of the County Court must be reversed and the declaration for betterments may be filed agreeably to the provisions of the Statute.