MARY H. BARRETT, Respondent, *v.* WILLIAM H. PALMER, Appellant.

*It seems* that an action *quare clausum fregit* is local in its character, and the courts of this state have no jurisdiction where the trespass is upon lands in another state.

The power of the federal government to acquire lands within a state for governmental purposes cannot be so exercised as to dismember the state and separate a part of its territory from its jurisdiction, and the jurisdiction and authority of the state over lands so acquired by the United States by the exercise of the power of eminent domain, remains unchanged, except so far as their use for the purposes for which they were required necessarily removes them from the domain of state authority.

The state may cede to the United States political jurisdiction over such lands, in which case congress may legislate in regard to them.

In such case, however, until congress makes new regulations touching the administration of justice in civil actions arising in the territory, the municipal law of the state controls and remains unchanged.

As to whether even where congress has exercised this power, the state courts would be powerless to redress private injuries committed on the territory *quære.*

Statement of case.

In an action of trespass brought in the City Court of Brooklyn, it appeared that the *locus in quo* was originally part of the Brooklyn navy yard, belonging to the United States, political jurisdiction over which, with certain reservations, was ceded by this state to the United States. (Chap. 355, Laws of 1853.) Congress has not legislated in reference to civil actions arising in the territory. The federal authorities leased part of the lands, including the *locus in quo*, or permitted the city to use it for a market. The city leased it, and plaintiff was in possession as sub-tenant. Defendant moved to dismiss the complaint on the ground that the trespass complained of was upon land belonging to the United States, and that the court had no jurisdiction. This motion was denied. *Held*, no error.

(Argued June 14, 1892; decided October 4, 1892.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, entered upon an order made October 26, 1891, which affirmed a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*M. L. Towns* and *Henry C. De Witt* for appellants. The City Court of Brooklyn had no jurisdiction to try this case. (*Main* v. *Cooper*, 25 N. Y. 180 ; *Kelly* v. *N. Y. & M. B. R. R. Co.*, 81 id. 233 ; *Wickam* v. *Freman*, 12 John. 173 ; *Sage* v. *Harpending*, 34 How. Pr. 1 ; *McKeller* v. *Ziegler*, 47 id. 20 ; *Proctor* v. *Tows*, 115 Ill. 138 ; *McCann* v. *Rathbone*, 8 R. I. 403 ; *Frank* v. *Nichols*, 6 Mo. App. 72 ; *Rice* v. *Dudley*, 65 Ala. 68 ; *Douglass* v. *Geiler*, 32 Kan. 499 ; *Morgan* v. *Smith*, 70 N. Y. 537 ; *Clark* v. *Cummings*, 5 Barb. 339.) Had the jury the two leases before them they could not have given the enormous verdict against the defendants which they did give. (Sedg. on Dam., chap. 5, p. 266.) The plaintiff's action being " trespass *quare clausum fregit* " concerning lands in territory of the United States, this court has no jurisdiction of the cause of action. (*Dodge* v. *Colby*, 108 N. Y. 445 ; *A. T. Co.* v. *Middleton*, 80 id. 258 ; *Cragin* v. *Lovell*, 88 id. 263 ; *Watt* v. *Kinney*, 6 Hill, 87 ; Code Civ.

Pro., § 263; *Cohen* v. *Virginia*, 6 Wheat. 428; *U. S.* v. *Cornell*, 2 Mason, 66; *U. S.* v. *Meagher*, 37 Fed. Rep. 875; *Scott* v. *U. S.*, 1 Wyo. 40; *F. L. R. R. Co.*, v. *Lowe*, 114 U. S. 525; · *C. R. I. & P. R. R. Co.* v. *McGlinn*, Id. 462; *Davidsburgh* v. *K. L. Ins. Co.*, 90 N. Y. 526; *Robinson* v. *O. S. N. Co.*, 112 id. 315.)

*Hugo Hirsh* for respondent. The ruling of the trial court was correct. (Code Civ. Pro., § 263; *Mostyn* v. *Fabrigas*, 1 Cowp. 180; *Delamater* v. *Folg*, 50 Hun, 528, 532; 31 How. Pr. 420; *T. Co.* v. *Middleton*, 80 N. Y. 408; *Armstrong* v. *Foote*, 19 How. Pr. 237; 11 Abb. Pr. 384; *C. & P. R. Co.* v. *McGlinn*, 114 U. S. 542.)

O'BRIEN, J. The plaintiff recovered a verdict against the defendants in an action alleging a trespass. The facts are undisputed that in February, 1889, the defendant, Palmer, leased to the plaintiff certain booths or market stands in the Wallabout Market, Brooklyn, for two years, and that the plaintiff had paid to him the rent reserved by the lease up to July, 1889. That in April, 1889, the defendants, acting together without right, took possession of the stands, ejected the plaintiff therefrom, and destroyed or converted to their own use certain fixtures and other property and have ever since excluded the plaintiff from possession. There can be no doubt that the general jurisdiction of the City Court of Brooklyn where the trial was had extends to actions of trespass such as this. (Code, §§ 263, 3343.) The only question raised at the trial that is now open for review would apply to any other state court as well as to the one in which the trial took place. The *locus in quo* was originally a part of the Brooklyn Navy Yard, jurisdiction of which had been ceded to the United States by chapter 355 of the Laws of 1853. The federal authorities subsequently leased a part of the land acquired under this act to the city of Brooklyn for a market or at least permitted the city to use it for that purpose. The authorities of the city leased several market stands to the defendant,

Palmer, and he sublet some of them to the plaintiff. At the close of the evidence, the counsel for the defendants moved to dismiss the complaint on the ground that the trespass complained of was upon territory or a reservation belonging to the United States, and that the court had no jurisdiction of the action. This motion was denied and the defendants excepted. The verdict of the jury was $1,520, and while the General Term might very properly have exercised its power to reduce it, we cannot. There was evidence for the consideration of the jury and under such circumstances this court will not attempt to revise their action.

There can be no doubt that an action of trespass *quare clausum fregit* is local in its character and the courts in this state have no jurisdiction when such trespass is committed upon lands in another state. (*Dodge* v. *Colby*, 108 N. Y. 445; *Cragin* v. *Lovell*, 88 id. 258; *American Union Tel. Co.* v. *Middleton*, 80 id. 408.)

The jurisdiction of a Superior City Court is always presumed (Code, § 266), and by subdivision three of section 263 of the Code, the City Court of Brooklyn has jurisdiction of all such actions as this where the real property is situated within the city, *or* where the defendant is a resident of the city, *or* where the summons is personally served upon the defendant therein. It is certain that all these conditions exist in this case. The contention of the learned counsel for the defendant must, therefore, rest upon the proposition that the state has no power to confer jurisdiction upon its courts to redress injuries of this character when committed upon lands acquired by or ceded to the United States. The power of the federal government to acquire lands within a state for governmental purposes cannot be so exercised as to dismember the state and separate a part of its territory from its jurisdiction. When the lands are acquired by the exercise of the power of eminent domain the United States becomes simply an ordinary proprietor, and the jurisdiction and authority of the state over the lands remain unchanged, except so far as their use for the purpose of executing the powers of the general government

necessarily remove them from the domain of state authority.. But it has been held that the state may cede to the general government political jurisdiction over such lands, and then congress has the power to legislate in regard to them. We are not disposed to hold that even then the judicial power of the courts of this state would be powerless to redress private injuries committed thereon or that the injured party would be compelled to seek justice in some other jurisdiction.

The State did cede such political authority to the federal government with respect to the lands in question, with certain reservations. Congress has not, however, made any new regulations touching the administration of justice in civil cases with respect to actions arising therein, and until some such regulations have been made the municipal law of the state for the protection and enforcement of private rights through the courts remain unchanged. (*C. & P. R. Co.* v. *McGlinn,* 114 U. S. 542 ; *F. L. R. Co.* v. *Lowe,* Id. 525.)

The cession of territory by one sovereignty to another does not abrogate the laws in force at the time of the cession for the administration of private justice. Not at least until the new sovereignty has abrogated or changed them do such laws cease to operate, except possibly so far as they may be in conflict with the political character, institutions and constitution of the government to which the territory is ceded. Mr. Justice FIELD, in the Supreme Court of the United States, in the case of *C. & P. R. Co.* v. *McGlinn* (*supra*), stated the rule of international law on this subject as follows : " It is a general rule of public law recognized and acted upon by the United States, that whenever political jurisdiction and legislative power over any territory are transferred from one nation or sovereign to another, the municipal laws of the country, that is, the laws which are intended for the protection of private rights, continue in force until abrogated by the new government or sovereign."

As nothing has been done by congress to displace the laws of this state and the jurisdiction of its courts in regard to private rights and remedies with respect to the lands ceded

for the purpose of a navy yard in Brooklyn, these matters remain unaffected by the act of cession.

The judgment should, therefore, be affirmed.

All concur.

Judgment affirmed.