(3 Misc. Rep. 63.)

## CARLSON v. WINTERSON.

(Common Pleas of New York City and County, General Term.  March 14, 1893.)

1. NEGOTIABLE INSTRUMENTS—BONA FIDE HOLDERS—EQUITIES BETWEEN ORIGINAL PARTIES.

   A transferee of negotiable paper, taking it merely as conditional payment of a precedent debt, without releasing the original obligation, or incurring any new liability, is not a bona fide holder for value, to the effect of excluding the equities between the primary parties in defense of an action by such transferee.

2. SAME—CONSIDERATION FOR TRANSFER—ANTECEDENT DEBT.

   In an action against the maker by the indorsee of a note taken simply for a precedent debt the court refused to charge "that the plaintiff, by taking the note for an antecedent debt, is not a bona fide holder." *Held*, under the circumstances, that the request meant a bona fide holder for value, and was so understood by the court; and that it was error to refuse the request as so intended and understood.

(Syllabus by the Court.)

Appeal from city court, general term.

Action by Louise Carlson against Maria Louisa Winterson on a promissory note.  A judgment entered on a verdict in favor of plaintiff was affirmed by the general term of the city court, (20 N. Y. Supp. 897,) and defendant appeals.  Reversed.

Argued before BISCHOFF and PRYOR, JJ.

E. F. Bullard, for appellant.

Hector M. Hitchins, for respondent.

PRYOR, J.  Action by indorsee against maker of a note.  Defenses.  First, that the note is a forgery; and, secondly, that, being ineffectual in the hands of the payee against the maker, it is not enforceable by the plaintiff, who received it in payment of an antecedent debt.

The issue as to the execution of the paper by the defendant was submitted to the jury upon conflicting evidence ample to authorize a finding either way, and we have no jurisdiction to review their determination.  The verdict is conclusive of the authenticity of the note.

The other issue, as to the availability of the note in the hands of the plaintiff, though tendered by the answer and contested on the trial, appears not to have been referred to the jury for decision, at least not so distinctly and directly as to admonish them that the solution of it was indispensable to a verdict.  The court charged in terms that "the defense is simply upon the point that the note was never signed by the defendant.  This is substantially the only dispute in the case for your consideration."  Manifestly, upon this instruction, the jury may well have concluded that, when they found the issue as to the genuineness of the note in favor of the plaintiff, she was entitled to the verdict, although, in their opinion, the evidence demonstrated the other defense.  True, no exception to this instruction was taken by the defendant, but, in effect, she presented her other defense for determination by the jury by requests for a

charge "that the plaintiff, by taking the note for an antecedent debt, is not a bona fide holder;" and "that the defendant has the same defense against the plaintiff that she had against the payee." In the denial of the latter request the defendant acquiesced, but to the refusal of the former she duly excepted. Still, in effect, the jury were told that, although the plaintiff took the note for an antecedent debt, she was a bona fide holder, and entitled to recover, irrespective of any equity between the defendant and the payee. Such is not the law of this state. In Bank v. Ewing, 131 N. Y. 506, 507, 30 N. E. Rep. 501, the note sued upon was transferred "as added security" for a precedent debt, and the court held the plaintiff not a bona fide holder for value; saying: "The holder parted with nothing upon receiving it, surrendered no right and no security, and made no new agreement in reliance upon it." In Leslie v. Bassett, 129 N. Y. 523, 29 N. E. Rep. 834, the court declare it to be "the settled law of this state, as established in Coddington v. Bay," (1822,) 20 Johns. 637, that the transferee of negotiable paper "taken for or in nominal payment" of an antecedent debt holds it subject to all defenses available between the original parties. In Insurance Co. v. Church, 81 N. Y. 218, 221, the court ruled that prior equities of antecedent parties "will prevail against an indorsee who received it merely in nominal payment of a precedent debt; there being no evidence of an intention to receive the paper in absolute discharge and satisfaction beyond what may be inferred from the ordinary transaction of accepting or receipting it in payment, or crediting it on account. The law regards the payment under such circumstances as conditional only, and the right of the creditor to proceed upon the original indebtedness after the maturity of the paper is unimpaired." In the instant case the evidence does not warrant the inference that the plaintiff accepted the note in satisfaction or extinguishment of her claim against the transferrer, or in relinquishment of his liability on the original obligation. Testifying to the very language he used when he passed the note to the plaintiff, the payee says:

"I told her that I got this $500 note for work I did, and that I owed her the money; and that she should go down the following day to the maker, and present the note, as it was due. I also said, 'Don't deliver it without payment.' Nothing else was said in regard to the note. I told her the note was good for what I owed her. I took no receipt from her at the time, and have not taken a receipt from her since."

As to the receipt of the note, the plaintiff says:

"It was given to me for a loan of money I made him. * * * He said that he gave it to me for the money I owed him."

The language of the learned trial judge in his charge to the jury is conclusive that he did not understand the plaintiff to have accepted the note in discharge of her claim, for he cautioned the jury against the testimony of the transferrer on the ground that "he has an interest in obtaining the verdict," which could not be unless he were still liable to the plaintiff for the loan in the event of her failure to recover on the note.

It occurred to us on the argument that the defendant's request to charge was not phrased with critical accuracy in submitting the proposition that an antecedent debt is insufficient to constitute a "bona

fide holder," instead of a "holder for value;" but, as the case discloses no evidence affecting the good faith of the plaintiff, the court must have understood the request in the sense obviously intended by the counsel. Allowing, however, technical informalities on the part of appellant in challenging the correctness of the charge, we are of opinion that it was so misleading in substance as to produce the result which, on the evidence before us, we cannot regard as consistent with justice. Judgment reversed, and new trial ordered, costs to abide the event.