### GEOGHEGAN v. ATLAS STEAMSHIP CO.

(Common Pleas of New York City and County, General Term. December 4, 1893.)

MASTER AND SERVANT — DUTY OF SHIPOWNER — FELLOW SERVANTS — MASTER AND SEAMAN.

    A vessel owner, who has furnished a reasonably safe vessel, adequate appliances, and competent employes, is not liable for causing the death

---

[1]Code Civil Proc. § 452, provides as follows: "The court may determine the controversy as between the parties before it, where it can do so without prejudice to the rights of others, or by saving their rights; but where a complete determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in."

of a seaman who fell through a door which the master of the vessel had neglected to close or guard, as the master of the vessel and the seaman were fellow servants.    22 N. Y. Supp. 749, affirmed.

Motion for reargument.    Denied.
For decision on appeal, see 22 N. Y. Supp. 749.
Argued before BISCHOFF, P. J., and PRYOR, J.

Roger M. Sherman, for the motion.
Lawrence Godkin, opposed.

PRYOR, J.    The moving papers fail to show that any question presented by counsel and decisive of the case has been overlooked by the court.    Rule 16.    The complaint rather is that points are presented by the court which were overlooked by counsel.    It is true that, through no neglect or inadvertence of counsel, however, attention was not directed to Gabrielson v. Waydell, 135 N. Y. 1, 31 N. E. 969, and Barrett v. Palmer, 135 N. Y. 336, 31 N. E. 1017; but the adjudication in neither of those cases is inconsistent with our decision.    Barrett v. Palmer is altogether beside the question in controversy, and the doctrine of Gabrielson v. Waydell only affords additional support to our conclusion.    The doctrine is "that the master and seamen of a vessel are fellow servants," and that the principal "has performed his duty when he has furnished to those who are employed by him a reasonably safe place, appliances adequate to the purposes of the employment, and when he has appointed as fellow servants in the undertaking proper persons, competent for the position.    After that, for what may happen from the risks of the employment, or from the negligence or torts of fellow servants, he will not be responsible. In Hogan v. Smith, 125 N. Y. 774, 26 N. E. 742, the court said:

"But the place which the master furnished was the ship itself, constructed in the usual way, and which became unsafe, not by reason of any careless or negligent plan or manner of construction, but solely from the way in which the long-shoremen did their work."

So here the accident occurred from the neglect of the fellow servants to close or guard the door through which the intestate fell.    In no view of the case is it possible to uphold the judgment. Upon reconsideration we are all the more content with the decision.    Motion denied, with costs.