(7 Misc. Rep. 15.)

CARLSON v. WINTERSON.

(Common Pleas of New York City and County, General Term.    February 5, 1894.)

1. APPEAL—RESTITUTION—JURISDICTION.
    Code Civ. Proc. § 1323, providing that, "when a final judgment or order is reversed or modified upon appeal, the appellate court or the general term, as the case may be, may make or compel restitution," confers the power of restitution on the court which modifies or reverses; and therefore, where a judgment of the city court of New York is reversed by the common pleas after a sale of land under execution issued thereon, the general term of the city court has no jurisdiction to set aside such sale.

2. SAME—DISCRETION OF COURT.
    The provision of such statute, that the court "may" make restitution, leaves the matter in the discretion of the court.

3. SAME—REVERSAL ON QUESTION OF LAW.
    Where a judgment is reversed, not on its merits, but on a question of law, an order of restitution should not be granted.

Appeal from city court, general term.

Action by Louisa Carlson against Maria L. Winterson on a promissory note. From an order of the city court setting aside and vacating a sale of defendant's real estate by the sheriff to Hector M. Hitchings, made on September 1, 1892, and restraining said sheriff from executing a deed, plaintiff appeals. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Hector M. Hitchings, for appellant.

E. F. Bullard, for respondent.

BOOKSTAVER, J.   Judgment was recovered upon the trial of this action in the city court, and affirmed upon an appeal to the general term of that court.   20 N. Y. Supp. 897.   On appeal to this court that judgment was reversed for an error of law, and a new trial was directed.   22 N. Y. Supp. 553.   Nothing was said in that decision as to restitution.   Pending these appeals, the defendant having given no security, execution was issued upon the city court judgment, and satisfied by sheriff's sale of certain real property of the defendant.   The order herein appealed from set aside and vacated this sale, and restrained the sheriff from executing a deed in pursuance thereof.   The law of this state makes ample provision for restitution in case any property has been wrongfully obtained by reason of an erroneous judgment or order of the court.   By the common law a promise is implied to repay moneys received upon such judgment or order, which may be recovered by action in all cases,—by proceedings as for contempt where the parties are before the court, or where the person proceeded against is an officer of the court, by execution in appropriate cases, and in certain other contingencies provided for in the Code.   But the suitor seeking redress under the provisions of the Code must make an intelligent choice of the remedies applicable to the facts of his case. The notice of motion, the fact that it was made to the general term of the city court, and the order granted show that this application was under section 1323 of the Code of Civil Procedure, which provides, "when a final judgment or order is reversed or modified upon appeal, the appellate court or the general term, as the case may be, may make or compel restitution."   That this confers the power of restitution upon the court which modifies or reverses a judgment or order is clear without the authority of Market Nat. Bank v. Pacific Nat. Bank, 102 N. Y. 464, 7 N. E. 302. If there were any doubt about it, that case is conclusive upon the point.   In speaking of section 1292, which reads, "Where a judgment is set aside, for any cause, upon motion, the court may direct and enforce restitution in like manner, with like effect and subject to the same conditions, as where a judgment is reversed," the court said:   "The court meant in this section is the court which set aside the judgment."   Section 1292 is less completely expressed than section 1323, to which it refers, and on which it depends.   It is proper, therefore, to regard the decision just quoted from as equally applicable to either.   We therefore think the city court had no jurisdiction to grant the order upon the application made to it under the facts in this case.   If it were otherwise, we think the court below should not have made the order it did at the time it did.   Section 1323, just cited in parts, says "the court may make or compel restitution."   It will be observed that the word "may" is used instead of "shall," thus making the order appeal to the sound discre-

tion of the court as to whether it ought to be granted or not. The provisions of this section are similar to those of section 369 of the old Code, where the word "shall," instead of "may," is used. But even under that section the court of appeals expressed great doubt whether restitution was a matter of strict right, and would in all cases be ordered where the judgment of reversal was not final, but directed a new trial, and for reasons which did not prevent the respondent from further maintaining the action. Marvin v. Mining Co., 56 N. Y. 671. The reasoning of the court in that case is especially applicable to the one under consideration. We did not reverse the judgment upon its merits, but upon a question of law, which did not by any means preclude a recovery in the action, and, until that action was tried, we think, under the circumstances of this case, the order should not have been granted. Besides, there is not a little reason for belief that the order affected the title of a purchaser in good faith and for value, in which case section 1323 prohibits restitution, but it is not now necessary to determine that question. The order appealed from should therefore be reversed, with costs. All concur.