(11 Misc. Rep. 267.)

## CARLSON v. WINTERSON.

(Common Pleas of New York City and County, General Term. February 4, 1895.)

APPEAL—RESTITUTION—JURISDICTION.

Where a judgment is reversed by the court of common pleas on appeal from the general term of the city court, the city court has no jurisdiction to grant an order for restitution, under Code Civ. Proc. § 1323, which provides that, "when a final judgment or order is reversed or modified upon appeal, the appellate court or the general term, as the case may be, may make or compel restitution." 27 N. Y. Supp. 368, affirmed.

Reargument of an appeal from an order of the city court directing restitution. Reversed.

For decision on appeal, see 27 N. Y. Supp. 368.

Argued before BOOKSTAVER, BISCHOFF, and GIEGERICH, JJ.

BOOKSTAVER, J. On the first argument of this appeal we reversed the order of the city court directing restitution, on the grounds (1) that the general term of the city court, not being the reversing court, had no jurisdiction to grant the motion; and (2) that the exercise of the power was discretionary, and not compulsory, and, a second judgment having been obtained in the interim, the defendant was in no position to appeal to the equitable discretion of the court. 27 N. Y. Supp. 368. A reargument was ordered, apparently on the authority of Hays v. Nourse and a note to Brown v. Trust Co., no other reason being assigned. It is only necessary, therefore, to examine these cases. All the proceedings in Hays v. Nourse, including an abstract of the briefs of counsel, are fully reported in 25 Abb. N. C. 96, 22 N. E. 40. The facts in that case are very nearly identical with the one under consideration. There the plaintiff, having sued for a deposit left with an auctioneer upon a purchase of property, having succeeded in the action, had his judgment affirmed at general term; whereupon the defendant paid over the money, but appealed to the court of appeals. In the court of appeals the judgment was reversed, and, while a new trial was granted in form, the decision made it apparent that the plaintiff could not recover in any event in that action. Thereupon the defendant moved the special term of this court, it being the court in which the judgment was originally obtained, for a restitution. This motion was opposed on the ground that the application could not be entertained at special term, the plaintiff insisting that it should have been made either to the court of appeals or to the general term of this court. The judge who heard that motion decided that this contention was correct, and denied the motion, with leave to apply to the general term. It is true that in the brief opinion written by him he states that, where a final judgment is reversed on appeal, the appellate court, or the general term of the same court (that is, the court where the action is tried), may compel restitution; and also that section 1323 recognizes this jurisdiction (that is, the right to order restitution) in the trial court, but confines its exercise to the general term, to which in the first instance the application must

be made. This was not necessary to the determination of that motion, and the learned judge making the statement was doubtless led into doing so by reason of the argument of counsel for the plaintiff, who, in effect, admitted that it might be made there; for, when the defendant after the denial of that motion moved the general term for restitution, he in no way raised the question of the power of the general term to grant it; and it is apparent from the opinion delivered on that motion (25 Abb. N. C. 98, 22 N. E. 40) that the question of right or authority was not raised or considered, and the order was granted. When this order came up for settlement before one of the judges sitting in that general term, he said:

"The application for restitution ought, as a matter of safety, to have been made to the court of appeals. There is no doubt at all that that court would have ordered restitution, and inserted a direction for restitution in its judgment of reversal. That is, as I conceive, the correct practice, and if it had been pursued in this case an execution against real property could have been issued. * * * Perhaps the true construction of section 1323 is that when a general term of the common pleas reverses a judgment it may adjudge restitution, and that where a judgment is reversed by the court of appeals that court, and no other, may adjudge restitution."

—And suggested that the defendant, even after these two motions had been made, could apply to the court of appeals for an amendment of the judgment, so that restitution might be provided for therein. Particular attention thus having been drawn to the provisions of section 1323, the moving party seems to have been convinced by the argument of the judge last mentioned, for he immediately moved the general term of this court to withdraw all proceedings thereon, and requested it to send the remittitur to the court of appeals; and, this having been done, he thereupon moved that court to have inserted in its remittitur an order for restitution. This motion was granted by the court of appeals, and the remittitur amended by inserting a provision for restitution, exactly in the manner which the appellant herein contends would have been the proper practice in this case. This authority, therefore, instead of being an argument against is strongly in favor of the decision announced upon the first argument of this appeal. Carlson v. Winterson, 7 Misc. Rep. 15, 27 N. Y. Supp. 368. It was not alluded to in that opinion, because it was thought that Market Nat. Bank v. Pacific Nat. Bank, 102 N. Y. 464, 7 N. E. 302, was controlling. Our attention has also been invited to the note to Brown v. Trust Co., 24 Abb. N. C. 160, 9 N. Y. Supp. 337, where the question was as to the party prevailing in the court of appeals after the return of the remittitur. Dr. Abbott has collated the authorities on the power of the court below after an actual determination by the appellate court. While this note is extremely interesting and instructive, it does not so much as mention cases of restitution, but the trend of many of the authorities therein cited is strongly favorable to the view here expressed. Lyon v. Merritt, 6 Paige, 473; Patten v. Stitt, 50 N. Y. 591; Sheridan v. Andrews, 80 N. Y. 648; Griswold v. Haven, 16 Abb. Pr. 413; McGregor v. Buell, 3 Abb. Dec. 86; Miller v. Coates, 2 Hun, 668; Tuttle v. Gilmore, 42 N. J. Eq. 369, 7 Atl. 859.

Respondent has also called our attention to Wright v. Nostrand,

100 N. Y. 616, 3 N. E. 78, which was an action brought by the plaintiff as receiver appointed in supplementary. proceedings to set aside as fraudulent, as against creditors, a conveyance made by the judgment debtor. He succeeded at special term, but the judgment was reversed by the general term. On appeal to the court of appeals, the order of the general term was reversed, and the judgment affirmed, with costs. The remittitur was sent down, and judgment perfected for costs, which was collected. A motion was subsequently made for reargument. The remittitur was recalled, and a reargument ordered, upon which the judgment was modified in some respects, among others so that no costs were allowed to either party. Thereupon a motion for restitution was made in the court of appeals, not at the general term, and that court says:

"This motion for restitution is based upon section 1323 of the Code. We entertain doubt whether restitution in this case could properly be awarded under that section, and we will therefore deny the motion."

It further says, in substance, that the plaintiff had collected from the defendant a sum of money to which he was not entitled, because the judgment as finally authorized had entirely swept away all claim for costs, and that the defendant had undoubtedly the right to recover the money paid in some form; and then says:

"She could probably recover it by action, but the superior court upon whose execution the money was paid, and whose officer the plaintiff as receiver is, had undoubted jurisdiction over the whole matter, and can compel repayment of the money either by the plaintiff or his attorney."

—Which, of course, means by proper proceedings for that purpose, but cannot mean that the general term of the superior court could award restitution in a case where the court of appeals could not, under section 1323 of the Code, which is the one under which the application was made in this case in the court below. The suggestion as to the power of the superior court in that case was doubtless made because both plaintiff and his attorneys were officers of the court, and therefore under the control and direction of the court. Be that as it may, the case clearly decides that restitution under section 1323 of the Code was not the proper remedy in either court; for it follows that, if it were not proper for the court of appeals to grant it, it would be equally improper for the general term of the superior court to do so. The case of Young v. Brush, cited by the respondent as being in 18 Abb. Dec. 171, is clearly wrong, because there is no such book. Such a case, however, is reported in 18 Abb. Pr. 171, and in 28 N. Y. 667, but has no reference whatever to the question under consideration. Therefore, after a careful review of our prior decision and all of the cases cited upon the reargument, as well as a reconsideration of section 1323, we are led to reaffirm the doctrine there expressed, that where a judgment is reversed by this court, on appeal from the city court, the latter court has not jurisdiction to grant an order for restitution under that section. The respondent did not argue the question of discretion upon this reargument; therefore there is no reason for reviewing our decision in that respect. The order appealed from must therefore be reversed with costs. All concur.