CARLSON, Respondent, v. WINTERSON, Appellant. (Common Pleas of New York City and County, General Term. February 4, 1895.) Action by Louise Carlson against Maria L. Winterson. E. F. Bullard, for appellant. H. M. Hitchings, for respondent. No opinion. Motion for leave to appeal to court of appeals granted. See 32 N. Y. Supp. 251; 27 N. Y. Supp. 368.

CASOLA, Respondent, v. VASQUEZ, Appellant. (Supreme Court, General Term, First Department. March 15, 1895.) Action by Adolphe Casola against Francisco Vasquez, impleaded, etc. From an order denying a motion to vacate an attachment, defendant appeals. Affirmed. Jones & Govin, for appellant. Louis Marshall, for respondent.

PER CURIAM. The copartners, by an agreement, having assumed to form a limited copartnership fixing the liability of each as between themselves, cannot now be heard to say, in an action between themselves, that their rights were not controlled by such agreement. The order appealed from should be affirmed, with $10 costs and disbursements.

CENTRAL PARK BAPTIST CHURCH, Respondent, v. PATTERSON et al., Appellants. (Common Pleas of New York City and County, General Term. April 1, 1895.) Action by the Central Park Baptist Church, on the petition of John R. Frazer, against C. Venton Patterson and others. Defendants (appellants) move in the alternative for a reargument, or for leave to appeal to the court of appeals. For decision on appeal, see 30 N. Y. Supp. 248. Herbert H. Gibbs, for appellants. J. C. Julius Langbein, for respondent.

BISCHOFF, J. The motion for reargument is based upon a contention involving examination into the state of the evidence merely, and appellants' counsel acknowledges that the point was not presented to the court on argument of appeal. Upon this ground the motion might well be denied (Siegman v. Keller, 6 Misc. Rep. 593, 25 N. Y. Supp. 1148; Geoghegan v. Steamship Co., 6 Misc. Rep. 127, 25 N. Y. Supp. 1110); but, upon the merits of the contention, it is found to be without weight. The claim is that no evidence was given to support the allegation that the petitioner, Frazer, was appointed custodian of the church edifice by the board of trustees of the religious corporation having title to the property. Looking into the evidence, we find that the acknowledgment annexed to the minutes of the meeting at which the petitioner was constituted custodian contains the statement that such minutes were sealed with the corporate seal of this corporation, under the direction of the board of trustees. We think, however, that the appellants should be permitted to present to the court of appeals the question whether or not the agent appointed by the board of trustees was the agent of the "person lawfully entitled to the possession" of the premises owned by the corporation, and so authorized to institute the proceeding. Code Civ. Proc. § 2235. Whether the act under which this corporation was organized (chapter 329, Laws 1876) is to be construed as giving the board of trustees the right to possession of the property, and an attendant right in their appointee to institute proceedings for forcible entry and detainer (Code Civ. Proc. § 2235), or whether the section noted would take the case out of the rule laid down in People v. Fulton, 11 N. Y. 94, only so far as to allow the board itself, as agent, to maintain the proceeding, is, we think, a question of some doubt, and of sufficient importance to warrant our granting the leave asked. Motion for reargument denied. Motion for leave to go to court of appeals granted as above. No costs.

CHURCH et al., Appellants, v. MONTGOMERY, Respondent. (Superior Court of New York City, General Term. March 4, 1895.) Action by George W. Church and others against George W. Montgomery. Wilson W. Hoover, for appellants. Edward F. Brown, for respondent.

PER CURIAM. The fundamental question in this case was whether the plaintiffs owned any property rights in certain chattels. The court below, on findings sustained by the evidence, determined that the plaintiffs had no such rights. There is therefore no necessity of examining questions of law that might otherwise arise. The testimony of Mr. Vonderluke was immaterial to the issues on which the case was decided. It was objected that he was not an expert as to the matters on which he was examined. His testimony was not that of an expert. He testified as to facts within his knowledge. Judgment affirmed, with costs.

CLARK v. CITY OF NEWBURGH. (Supreme Court, General Term, Second Department. February 11, 1895.) Action by Matilda Clark against the city of Newburgh. C. L. Waring, for appellant. John M. Gardner, for respondent.

DYKMAN, J. This is an appeal from a judgment entered upon the verdict of a jury, and from an order denying the motion of the defendant for a new trial, upon the minutes of the court. The action was for the recovery of damages resulting from an injury sustained by the plaintiff from a collision with a wagon. It appeared upon the trial that the plaintiff was thrown down and injured at a cross walk in one of the public streets of the city of Newburgh, by a wagon drawn by two horses, which were driven by a person in the employ of the defendant. In respect to the question of the negligence of the driver of the defendant, and the contributory negligence of the plaintiff, the testimony was such as to make the case a proper one for the jury. The motion for a nonsuit was therefore properly denied. There was no exception to the charge of the trial judge, and there was no error committed upon the trial. The judgment and order denying the motion for a new trial are affirmed, with costs.

CLEMMONS v. EPSTEIN et al. (City Court of New York, General Term. March 19, 1895.) Action by William F. Clemmons against Hyman Epstein and others. Hayman & Rosenthal, for appellants. Herman Joseph, for respondent. No opinon. The judgment and order appealed from are affirmed, with costs.