## McCARTHY v. R. G. PACKARD CO.

(Supreme Court, Appellate Division, First Department. June 9, 1905.)

1. STATES—CESSION OF TERRITORY—CONTINUANCE OF STATE LAW.

Const. U. S. art. 1, § 8, subd. 17, authorizes Congress to exercise jurisdiction over places purchased by the United States by consent of state legislatures for the erection of forts, magazines, etc. Laws 1853, p. 741, c. 355, cedes to the United States the jurisdiction of the state over the land in the city of Brooklyn occupied as a navy yard, and provides that the jurisdiction so ceded shall not impede the service or execution of the legal process of the state. At the time of the cession, Laws 1847, p. 575, c. 450, giving a right of action for death by wrongful act, was in force. *Held,* that while by the cession the United States acquired power to legislate in regard to the ceded territory, yet the state laws in force at the time of the cession, such as the one above mentioned, remain in force until repealed by United States.

2. SAME—REPEAL OF STATE LAW—EFFECT IN CEDED TERRITORY.

Whatever repealing effect Laws 1880, p. 370, c. 245, § 1, subd. 24, had within the state of New York on Laws 1847, p. 575, c. 450, giving a right of action for death by wrongful act, it could not repeal the same so far as it was operative in territory ceded to the United States by Laws 1853, p. 741, c. 355.

3. SAME—SUBSTITUTED LEGISLATION—EFFECT.

But if the Legislature could repeal the act of 1847 in so far as it was in operation in the ceded territory, Code Civ. Proc. § 1902, passed as a substitute for the act repealed at the time of the repeal, and giving a similar right of action, would be in force there.

4. COURTS—JURISDICTION—COMITY—ENFORCEMENT OF ACTIONS ARISING WITHOUT THE STATE.

Since there exists in territory ceded to the United States by Laws 1853, p. 741, c. 355, a right of action for death by wrongful act, and such an

action is also given in the state of New York by the laws thereof, the courts of New York have jurisdiction over an action for death caused by a wrongful act committed in the ceded territory.

Appeal from Special Term, New York County.

Action by Katie McCarthy, as ancillary administratrix of Thomas McCarthy, deceased, against the R. G. Packard Company. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Affirmed.

Argued before McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Edward Grenville Benedict, for appellant.
George Gallagher, for respondent.

INGRAHAM, J. This action is to recover the damages sustained by the next of kin of one Thomas McCarthy caused by his death. The defendant demurred to the complaint upon the grounds that the court had not jurisdiction of the subject of the action, and that the complaint did not state facts sufficient to constitute a cause of action. The complaint alleges that the defendant was a foreign corporation organized and existing under the laws of the state of New Jersey; that on or about the 22d day of April, 1903, it was engaged in dredging the river bed and carrying on certain other work and operations in the East river at or near a certain sea wall in the United States Navy Yard in the borough of Brooklyn, county of Kings, city and state of New York; that in connection with this work the defendant used a certain floating steam dredger, connected with which was a certain metal scoop or bucket; that the plaintiff's intestate was in employment of the United States government as a coal passer, and as such was stationed in the aforesaid navy yard, and at the said time was lawfully upon the grounds of the said navy yard, and lawfully standing at or near the sea wall above referred to, at or near the water edge thereof; that at the said time and place the plaintiff's intestate received certain injuries through the negligence of the defendants which caused the death of the plaintiff's intestate on the 22d day of April, 1903. The negligence of the defendant consisted in allowing the metal scoop and certain of the appliances to swing over the land forming a part of the said navy yard, thereby forcibly coming in contact with and striking against a certain flag pole imbedded in and standing upon the said navy yard grounds, thereby breaking the said flag pole and causing it to fall over upon the plaintiff's intestate, striking him upon the head, and inflicting the injuries which resulted in his death. The navy yard above referred to is by the second paragraph of the complaint alleged to be "the United States Navy Yard in the borough of Brooklyn, county of Kings, city and state of New York."

Chapter 355, p. 741, of the Laws of 1853, provides that:

"The jurisdiction of this state over all the lands in and adjacent to the city of Brooklyn, belonging to the United States, and used and occupied as a navy yard and naval hospital, and which has not heretofore been ceded to the United States, is hereby ceded to the United States for the uses and pur-

poses of a navy yard and naval hospital, on the condition contained in this act, and according to the plan furnished by the navy department and bounded as follows."

Section 4 (page 743) of the act provides:

"The United States may retain such use and jurisdiction as long as the premises described shall be used for the purposes for which jurisdiction is ceded, and no longer. * * * Nor shall the jurisdiction so ceded to the United States impede or prevent the service or execution of any legal process, civil or criminal, under the authority of this state."

Thus the jurisdiction of the state of New York over the property acquired by the United States for use as a navy yard was ceded by this act to the United States, except that the service or execution of legal process, civil or criminal, under the authority of this state, was preserved. The effect of this act authorized by article 1, § 8, subd. 17, of the federal Constitution, transferred to the United States exclusive jurisdiction over the ceded territory. ·There was thus created in the state of New York a territory over which it had no jurisdiction, except so far as this jurisdiction was reserved by the act ceding the territory; and undoubtedly the United States acquired full power to legislate in regard to the ceded territory. At the time of this cession there was in existence chapter 450, p. 575, of the Laws of 1847, which provides:

"Whenever the death of a person shall be caused by the wrongful act, neglect or default, and the act, neglect or default, is such as would (if death had not ensued) have entitled the party injured to maintain an action and recover damages, in respect thereof, then and in every such case, the person who, or the corporation which, would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony."

This act was in force at the time of the cession of the navy yard to the United States, and such laws in force at the time of the cession to the United States remain in force over the ceded territory until repealed by the United States.

In Barrett v. Palmer, 135 N. Y. 336, 31 N. E. 1017, 17 L. R. A. 720, 31 Am. St. Rep. 835, Judge O'Brien says:

"The cession of territory by one sovereignty to another does not abrogate the laws in force at the time of the cession for the administration of private justice; not, at least, until the new sovereignty has abrogated or changed them do such laws cease to operate, except possibly so far as they may be in conflict with the political character, institutions, and constitution of the government to which the territory is ceded."

Thus this ceded territory took with it as part of its municipal law a liability for injuries to the administrator of the decedent for the damages caused by his death, when such injuries were caused by the neglect of another, and therefore the law in force at the time of the cession still prevails.

It is said, however, that chapter 450, p. 575, of the Laws of 1847, was repealed by subdivision 24, § 1, c. 245, p. 370, of the Laws of 1880. But whatever effect that repeal would have in the state of New York, it certainly would not have the effect of repealing the law of the territory that had been ceded to the United States; for

under that cession the power of the state to legislate in regard to the ceded territory ceased, and the repeal of the act of 1847 had no effect upon the law of the ceded territory. Section 1902 of the Code of Civil Procedure was enacted at the time of the repeal of the act of 1847, and was a substitute for it. If the Legislature of this state had the power to legislate in respect to the ceded territory, section 1902 of the Code of Civil Procedure was in force. If it had not that power, then the law of 1847 was never repealed, and therefore is still in force, so that it follows that either the law of 1847 or section 1902 of the Code is in force over the property ceded to the United States. Assuming that the navy yard ceded by the state of New York to the United States is to be treated as a foreign state or country, a right of action to recover damages for negligence causing the death of the plaintiff's intestate existed, and when there are similar statutes in the state where the accident happened and in which an action is brought the right to recover damages stands precisely the same as if the common law in both states allowed a recovery. Leonard v. Columbia Steam Navigation Co., 84 N. Y. 48, 38 Am. Rep. 491. Madden v. Arnold, 22 App. Div. 240, 47 N. Y. Supp. 757, affirmed by the Court of Appeals on the opinion below 162 N. Y. 638, 57 N. E. 1116, then applies, and the courts of this state have jurisdiction over such a cause of action the same as if the cause of action arose in a neighboring state.

It follows, therefore, that a good cause of action was alleged, that the demurrer was properly overruled, and the judgment is affirmed, with costs, with leave to defendant to withdraw demurrer and to answer on payment of costs in this court and in the court below. All concur.