Sarah McConnell, as Administratrix of the Estate of Matthew McConnell, Deceased, Respondent, v. Morse Iron Works and Dry Dock Company, Appellant.

Master and Servant — When Employee Is Not a Superintendent Within Meaning of Employers' Liability Act (L. 1902, Ch. 600) — Master Not Liable for Injuries Caused to Servant by Negligence or Error in Judgment of Co-servant.   Where it appears, in an action brought to recover for the death of plaintiff's intestate caused by the breaking of a defective ladder negligently selected for decedent to work upon by an alleged superintendent of the defendant, that the decedent was in the service of the defendant as a helper to a steamfitter, or plumber, also working for the defendant; that the latter was employed by the defendant solely as a steamfitter, or plumber, and had been occupied as such during the entire time that he had been in the defendant's service; that the steamfitter had no power to hire or discharge the helper, who was employed by the defendant and directed to serve as a helper to the steamfitter; that they worked together as laborers, doing the same class of work, one as the mechanic, fitting or repairing steam pipes, the other assisting him in that work, the relation between them was merely that of co-employees; and, notwithstanding the fact that it was the helper's duty to obey the directions of the steamfitter with reference to their work, the steamfitter did not occupy the position of, and had never been intrusted with, the powers of a superintendent within the meaning of the Employers' Liability Act (L. 1902, ch. 600).   The defendant is not liable, therefore, for the negligence, or error in judgment, of the steamfitter in selecting, for the helper to work upon, an old and defective ladder, which broke and caused the helper to fall, whereby he received injuries from which he died, when there were numerous other ladders upon the premises from which a safe and suitable ladder could have been selected.

McConnell v. Morse Iron Works & Dry Dock Co., 110 App. Div. 920, reversed.

(Argued January 30, 1907; decided February 19, 1907.)

Appeal from an order of the Appellate Division of the Supreme Court in the second judicial department, entered December 29, 1905, which reversed a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term and an order denying a motion for a new trial and granted a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Eugene Lamb Richards, Jr., Rutherford B. Meyer* and *Frank Verner Johnson* for appellant.   The plaintiff failed to sustain the burden of proof showing that the accident came from something which was the fault of defendant rather than from another cause for which the defendant is not liable. (*O'Reilly* v. *B. H. R. R. Co.*, 82 App. Div. 492; *Rupert* v. *B. H. R. R. Co.*, 154 N. Y. 90; *Huff* v. *A. F. E. Co.*, 88 App. Div. 324; *White* v. *N. Y. Central*, 90 App. Div. 356; *Rider* v. *Syracuse Ry. Co.*, 171 N. Y. 139; *Travell* v. *Bannerman*, 174 N. Y. 47.)   There were plenty of ladders around the premises, and if McConnell or Wilson picked out these two ladders when there were others available, presumably in good condition, the defendant is not liable for the result of that selection.   (*Vogel* v. *A. B. Co.*, 180 N. Y. 373; *Wagner* v. *N. Y. C. & H. R. R. R. Co.*, 183 N. Y. 523; *Hackett* v. *Masterson*, 88 App. Div. 73; *Warszawski* v. *McWilliams*, 64 App. Div. 63; *Kiffen* v. *Wendt*, 39 App. Div. 229; *Stourbridge* v. *B. C. R. R. Co.*, 9 App. Div. 129; *Ivers* v. *M. D. Co.*, 84 App. Div. 27; *Kimmer* v. *Weber*, 151 N. Y. 417; *O'Connell* v. *Thompson-Starrett Co.*, 72 App. Div. 47; *Ulrich* v. *N. Y. C. & H. R. R. R. Co.*, 25 App. Div. 465.)

*William F. Hagarty* for respondent.   The court below was correct in holding that the dismissal of plaintiff's complaint was erroneous. (*McNally* v. *P. Ins. Co.*, 137 N. Y. 394; *Ladd* v. *A. Ins. Co.*, 147 N. Y. 478; *Higgins* v. *Eagleton*, 155 N. Y. 466; *Ten Eyck* v. *Witbeck*, 156 N. Y. 349; *Monahan* v. *Eidlitz*, 59 App. Div. 224; *McDonald* v. *M. Ry. Co.*, 167 N. Y. 68.)   We are well within the Labor Laws of 1897 and 1902.   (L. 1897, ch. 415, § 18; L. 1902, ch. 600.) The ladder was defective and there is sufficient evidence that it broke. (*Simone* v. *Kirk*, 173 N. Y. 7; *Stewart* v. *Ferguson*, 164 N. Y. 553; *Byrne* v. *Eastmans Co.*, 163 N. Y. 461; *Tierney* v. *Vunck*, 97 App. Div. 1; *McHugh* v. *M.*,

*Ry. Co.*, 179 N. Y. 378 ; *Cummings* v. *Kenny*, 97 App. Div. 114 ; *Muhlens* v. *Obermeyer*, 83 App. Div. 88 ; *Johnson* v. *Roach*, 83 App. Div. 351 ; *Samo* v. *A. S. Co.*, 65 App. Div. 249 ; *Walters* v. *Fuller Co.*, 74 App. Div. 388.)

HAIGHT, J.   This action was brought to recover damages resulting from the death of plaintiff's intestate through the alleged negligence of the defendant.

On the third day of April, 1903, the decedent and one Robert G. Wilson were in the employ of the defendant, Wilson as a steamfitter or plumber, and the decedent as his helper, and had been so engaged for six or seven months.   In the defendant's blacksmith shop there was a small water pipe which ran from the ground up the side of the wall of the building to the ceiling above, and thence along the side of the wall to the plate shop.   Near the ground there was a faucet, through which water was supplied to the men for drinking purposes.   The pipe up next to the ceiling had split and was leaking, and the foreman of the shop called Wilson's attention thereto and directed him to repair it.   The place where the pipe was leaking was about nineteen feet from the ground, and Wilson went to another room in the defendant's plant, found a couple of ladders, which were brought in and placed up against the wall to the pipe that was to be repaired.   It is contended on behalf of the defendant that he took his helper, the decedent, along with him to select the ladders ; that they brought the ladders in to the place where they were to be used, and that then Wilson sent the decedent into the shop to get a tool with which to cut the pipe ; that while he was gone another man, who had come up to the faucet to get a drink of water, helped Wilson put the ladders up against the wall. On behalf of the plaintiff it is contended that the man who came up to get the water also went with Wilson to select the ladders instead of McConnell.   The evidence upon this branch of the case is very meager and does not clearly establish which of these persons went with Wilson to get the ladders.   We shall, therefore, assume for the purposes of this case that the

ladders were selected by Wilson, and that the man who came for the water assisted him in bringing them in and putting them up. After the ladders had been raised against the wall McConnell returned with the tool for which he had been sent, and he ascended one ladder and Wilson the other. It was necessary to take out a piece of the pipe, and it was accordingly cut at a place above the split, and then it was unscrewed from the joint below, at which time Wilson descended from his ladder, and the pipe so taken out was handed down to him. As he took it and laid it upon the ground, he heard a crack above which sounded like the cracking of wood. He immediately looked up and saw McConnell upon the ladder with one hand holding on and the other down. Almost instantly thereafter he fell backwards, striking a shafting that ran through the shop about three feet from the wall, which was revolving at a speed of one hundred and twenty-five revolutions per minute, and his body was whirled around the shafting, striking a plank nailed upon the beams and the ladder which stood against the wall, breaking them to pieces. Wilson immediately ran to the engine room to shut off the power and when he returned McConnell was dead. The evidence tended to show that the ladders selected were old, worn and defective, but that there were numerous other ladders upon the plant which could have been selected had Wilson looked farther.

Upon the trial, at the close of the plaintiff's case, the trial judge, upon motion, ordered a nonsuit, upon the ground, as stated by him, that the evidence failed to show that the ladder upon which McConnell was standing had broken causing him to fall. The Appellate Division has reversed, holding that the evidence of Wilson, with reference to the cracking, was sufficient to raise a question of fact for the jury.

The evidence with reference to the breaking of the ladder causing McConnell to fall was very slight, but we incline to the view that it was sufficient to carry the case to the jury and to sustain a finding that the ladder was defective, and by reason thereof broke and caused the accident. It, however,

distinctly appears that the ladder was procured by Wilson and that there were other ladders upon the premises, from which a proper selection might have been made. It was, therefore, negligence on his part in selecting an improper and defective ladder. The question is thus presented as to whether the defendant is liable under the circumstances. If Wilson was a co-employee merely with McConnell, then the defendant would not be liable, but it is contended that under the Employers' Liability Act (Laws of 1902, chap. 600) he was a superintendent, and as such the defendant was liable for his negligent acts. The statute provides as follows:

" Section 1. Where, after this act takes effect, personal injury is caused to an employee who is himself in the exercise of due care and diligence at the time:   *   *   *

" 2. By reason of the negligence of any person in the service of the employer entrusted with and exercising superintendence whose sole or principal duty is that of superintendence, or in the absence of such superintendent, of any person acting as superintendent with the authority or consent of such employer; the employee, or in case the injury results in death, the executor or administrator of a deceased employee who has left him surviving a husband, wife or next of kin, shall have the same right of compensation and remedies against the employer as if the employee had not been an employee of nor in the service of the employer nor engaged in his work. The provisions of law relating to actions for causing death by negligence, so far as the same are consistent with this act, shall apply to an action brought by an executor or administrator of a deceased employee suing under the provisions of this act."

It will be observed that the statute refers to the individual whom the employer has intrusted with, and whose sole and principal duty is that of exercising superintendence. Were such the duties of Wilson? He was employed by the defendant as a steamfitter or plumber and had been occupied as such during the entire time that he had been in the defendant's service. As he testified, he had no power to hire or discharge

his helper, but that McConnell was employed by the defendant and was directed to serve as Wilson's helper. It thus appears that they were laborers engaged together doing the same class of work, Wilson as the mechanic fitting or repairing pipes and McConnell assisting him in the work. While it is true that it was McConnell's duty to obey Wilson's directions with reference to handing him tools and waiting upon him in various ways which were necessary in the conduct of the work, we are clearly of the opinion that the relation between them was merely that of co-employees and that Wilson did not occupy the position of, and had never been intrusted with, the powers of superintendent within the meaning of the statute to which we have referred. Wilson was employed as a steamfitter or plumber; his duties pertained to that class of work. McConnell was employed to help and assist him — nothing more. The case, therefore, is brought within the rule so often recognized and applied in this court, to the effect that where the master has upon hand at the place where the work is performed sufficient suitable material or appliances for the doing of the work, he is not liable for injuries resulting to a workman by reason of an error in judgment of the foreman or of a co-employee in selecting defective material or appliance. (*Vogel* v. *Am Bridge Co.*, 180 N. Y. 373; *Kimmer* v. *Weber*, 151 N. Y. 417, and cases cited.)

It follows that the error in judgment of Wilson in selecting the defective ladder which broke and caused McConnell to fall, when there were numerous other ladders upon the premises from which a suitable ladder could have been selected, is not an act for which the defendant can be held liable.

The order of the Appellate Division should, therefore, be reversed, and the judgment upon the nonsuit affirmed, with costs.

Cullen, Ch. J., Gray, Vann, Werner, Willard Bartlett and Chase, JJ., concur.

Order reversed, etc.