LENA KAUFMAN, as Administratrix of the Estate of
FREDERICK KAUFMAN, Deceased, Appellant, v. ABRA-
HAM C. HOPPER, Respondent.

United States reservations — the common law and statutes of the
state when not in force thereon — death of employee of contractor
erecting building in Brooklyn navy yard caused by fall of defec-
tive scaffold — Labor Law not applicable, but cause of action
exists under common law — when complaint not limited by bill
of particulars.

1. The common law and statutes passed before the cession of ter-
ritory by the state to the United States remain in force in the ceded
territory until displaced by Congress, but later statutes are of no
effect.   Hence the Labor Law (Cons. Laws, ch. 31) is not in force at
the Brooklyn navy yard.

2. Plaintiff's intestate was killed by the fall of a scaffold while in
the employ of a contractor who was putting up a building at the
Brooklyn navy yard.   There is evidence that the rope furnished
was rotten, and that it was the only rope at hand.   The inference
is legitimate that the appliances were defective, and that with the
exercise of reasonable care the defect would have been discovered,
and a cause of action is thereby made out at common law, irre-
spective of the statute.

3. The complaint herein being adequate in itself, it was not lim-
ited or nullified by the bill of particulars which amplifies the charge
of negligence in respect of the place of work, but makes no attempt
to deal with the subject of defective appliances.

*Kaufman* v. *Hopper*, 163 App. Div. 863, reversed.

(Submitted February 1, 1917; decided February 27, 1917.)

APPEAL, by permission, from a judgment of the Appel-
late Division of the Supreme Court in the second judicial
department, entered April 10, 1914, affirming a judgment
in favor of defendant entered upon a dismissal of the
complaint by the court at a Trial Term.

The nature of the action and the facts, so far as mate-
rial, are stated in the opinion.

*Charles . C. Clark* and *Harold M. Phillips* for appel-
lant.   The Brooklyn navy yard is within and part of the

state of New York, and causes of action arising therein, betweeen citizens of the state, are governed by the laws of the state and rules of decision of the courts of the state, so long as such laws do not interfere with the Federal use to which the property is devoted, or conflict with some act of Congress applicable in that territory. (*C., R. I. & P. Ry. Co.* v. *McGlinn*, 114 U. S. 542; *Palmer* v. *Barrett*, 162 U. S. 399; *United States* v. *Bevans*, 3 Wheat. 336; *Matter of Kelly*, 71 Fed. Rep. 545; *United States* v. *Stahl*, 27 Fed. Cas. 16,373; *People* v. *Godfrey*, 17 Johns. 225; *Barrett* v. *Palmer*, 135 N. Y. 336; *Madden* v. *Arnold*, 22 App. Div. 248; *United States* v. *Press Pub. Co.*, 219 U. S. 1; *United States* v. *King*, 34 Fed. Rep. 302.) Plaintiff proved a cause of action at common law and should have been permitted to recover. (*Pluckham* v. *American Bridge Co.*, 104 App. Div. 404; 186 N. Y. 561; *Vincent* v. *Alden*, 75 App. Div. 615; *Chiavaroli* v. *Union Bag & Paper Co.*, 115 N. Y. Supp. 327; *Richards* v. *Hayes*, 17 App. Div. 422; *O'Connor* v. *Hall*, 65 N. Y. Supp. 139; *Hatton* v. *Hilton Bridge Const. Co.*, 42 App. Div. 398; *Huber* v. *Whale Creek Iron Works*, 109 N. Y. Supp. 177; *Anderson* v. *Milliken Bros.*, 108 N. Y. Supp. 61; *Madden* v. *Hughes*, 104 App. Div. 101; 185 N. Y. 466; *Warren* v. *Post & McCord*, 112 N. Y. Supp. 960.) The office of a bill of particulars is to prevent surprise upon the adverse party and to afford him a ground of objection when proof is offered which is without the bill. The objection must be seasonably taken or it is waived. After the proof is in the bill of particulars has no further force or vitality, and the only question before the court is whether the proof, with all fair inferences therefrom, makes out a cause of action. (*Kaufman* v. *Block*, 5 Misc. Rep. 404; *May* v. *Menton*, 21 Misc. Rep. 321; *Milbank* v. *Jones*, 141 N. Y. 340; *Dubois* v. *D. & H. C. Co.*, 12 Wend. 334; *Jackson* v. *Reich*, 3 Misc. Rep. 86; *Belasco* v. *Klaw*, 96 App. Div. 268; *Gowans* v. *Jobbins*, 90 App. Div. 429; *Van Olinda* v.

*Hall*, 82 Hun, 357; *Neuwelt* v. *Con. Gas Co.*, 94 App. Div. 312; *Hines* v. *D. D., E. B. & B. R. Co.*, 75 App. Div. 391.)

*Benjamin Reass* and *Max Leff* for respondent. No law adopted by the state of New York after 1853 is effective in the Brooklyn navy yard. (*McCarthy* v. *Packard Co.*, 105 App. Div. 436; 182 N. Y. 555; *Fort Leavenworth R. R. Co.* v. *Lowe*, 114 U. S. 525; *Benson* v. *United States*, 146 U. S. 325; *Matter of Ladd*, 74 Fed. Rep. 31; *United States* v. *Tucker*, 122 Fed. Rep. 520; *Steele* v. *Halligan*, 229 Fed. Rep. 1011, 1016; *Madden* v. *Arnold*, 22 App. Div. 240.)

CARDOZO, J. The plaintiff sues to recover damages resulting from her husband's death.

In November, 1908, the defendant, a contractor, was putting up a building at the Brooklyn Navy Yard. The plaintiff's intestate, Kaufman, was in his service as an ironworker. A scaffold, held by four ropes, was suspended from the roof. Two ropes were taken from another scaffold used earlier in the day, a third was taken from a derrick, and the fourth was found by the foreman in the yard and by him given to his subordinates. After the scaffold was in place, the fourth rope, furnished by the foreman, broke, and Kaufman was thrown to the ground. There is evidence that the rope was rotten. The plaintiff claims that the scaffold was unsafe, and that the defendant under section 18 of the Labor Law (Cons. Laws, ch. 31) must answer for her husband's death. She claims also that, aside from the statute, a case of negligence has been made out under the rule at common law. The trial judge dismissed the complaint, and the Appellate Division has affirmed the judgment.

The provisions of the Labor Law do not help the plaintiff. They do not help her because they were enacted after the Navy Yard in Brooklyn was ceded to the United

States (L. 1853, ch. 355). The common law and statutes passed before the act of cession remain in force in the ceded territory until displaced by Congress (*McCarthy* v. *Packard Co.*, 105 App. Div. 436; affd. on opinion below, 182 N. Y. 555; *Barrett* v. *Palmer*, 135 N. Y. 336), but later statutes are of no effect. This is now the settled rule (*Farley* v. *Scherno*, 208 N. Y. 269; *Ft. Leavenworth R. R. Co.* v. *Lowe*, 114 U. S. 525, 537; *W. U. Tel. Co.* v. *Chiles*, 214 U. S. 274). The rule is different where land has been acquired by the nation without the consent of the state (*Ft. Leavenworth R. R. Co.* v. *Lowe, supra*). It is different where the contemplated use has been abandoned, if the act of cession so provides (*Palmer* v. *Barrett*, 162 U. S. 399). But where, as here, the legislature has consented, and the land remains devoted to the needs and uses of the nation, then, under the express mandate of the Constitution, the legislative power of Congress is exclusive (U. S. Constitution, art. 1, § 8).

We think, however, that, irrespective of the statute, a cause of action has been made out under the rule at common law. At common law the master was charged with the duty of care and diligence in providing safe, sound and suitable appliances for his workmen (*Benzing* v. *Steinway & Sons*, 101 N. Y. 547; *Pluckham* v. *Am. Bridge Co.*, 104 App. Div. 404; 186 N. Y. 561). There is evidence that this duty was disregarded by the defendant. If suitable rope had been at hand, and the foreman had neglected to use it, his negligence would be that of a fellow-servant, and the master would not be liable (*Vogel* v. *Am. Bridge Co.*, 180 N. Y. 373; *Conyes* v. *Oceanic Amusement Co.*, 202 N. Y. 408, 413; *McConnell* v. *Morse I. W. & D. D. Co.*, 187 N. Y. 341, 346). We speak of the rule as it stood before the statute changed it (Labor Law, § 200). But here the existence of a different situation may be gathered from the evidence. There is evidence that the defective rope furnished by the foreman was the

only rope at hand. Nothing else was in the yard. The inference is legitimate that the appliances were defective, and that with the exercise of reasonable care the defect would have been discovered.

The trial judge did not deny that the evidence made out a cause of action at common law. He based his judgment of dismissal upon a point of pleading. He thought the complaint, though adequate by itself, had been limited and nullified by a bill of particulars. We do not share that view. The bill of particulars amplifies the charge of negligence in respect of the place of work. It makes no attempt to deal with the subject of defective appliances. As to that element of negligence the complaint stands by itself. If the bill of particulars was inadequate, the remedy was by motion either to compel the service of another or to limit the plaintiff's evidence (Code Civ. Pro. § 531; *Gebhard* v. *Parker,* 120 N. Y. 33).

The judgment should be reversed and a new trial granted, with costs to abide the event.

CHASE, COLLIN, HOGAN, POUND, McLAUGHLIN and CRANE, JJ., concur.

Judgment reversed, etc.