WILLIAM E. STERLING's (dependent's) CASE.

WILLIAM L. STERLING's (dependent's) CASE.

LONDON GUARANTEE AND ACCIDENT COMPANY, LIMITED, *vs.* RENA E. STERLING.

SAME *vs.* MAUD M. STERLING.

Suffolk.    December 4, 1918. — September 11, 1919.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Workmen's Compensation Act*, Procedure, Jurisdiction. *Equity Jurisdiction*, Bill of review. *Review*, In equity.

Under the workmen's compensation act there is no right of appeal from a decree of the Superior Court based upon a memorandum of agreement approved by the Industrial Accident Board. Following *Dempsey's Case*, 230 Mass. 583.

The right given by R. L. c. 193, §§ 15–19, to have final judgment in civil actions reviewed and vacated is limited to proceedings in courts of common law and does not apply to a decree of the Superior Court made under the workmen's compensation act.

A decree of the Superior Court purporting to be made under the workmen's compensation act approving an agreement made in accordance with St. 1911, c. 751, Part III, § 4, as amended, by an insurance company with the dependent widow of an employee, by which the insurer agreed to pay to such widow a weekly compensation during a period named for the death of the employee, which appears by the record to have occurred in the course of his employment on a steamship lying at a wharf upon navigable waters, is void for want of jurisdiction, because the injury to the employee was maritime in its nature and not within the scope of the workmen's compensation act; and such decree may be vacated upon a bill of review under general equity jurisdiction for error on the face of the record.

In the case above described it was *said* that, as the decree must be vacated for

error on the face of the record, it was not necessary to determine whether the insurer could maintain a bill in equity to enjoin the enforcement of the void decree.

Two PETITIONS, filed in the Superior Court on October 1, 1917, to vacate decrees of that court purporting to have been made under the workmen's compensation act ordering the London Guarantee and Accident Company, Limited, to pay to the dependent widows of William E. Sterling and William L. Sterling each $10 weekly for a period of four hundred weeks from November 2, 1916, in accordance with agreements filed with the Industrial Accident Board on March 21, 1917; also

Two PETITIONS, filed in the Superior Court on September 6, 1918, by the insurer for leave to file bills of review under general equity jurisdiction praying the court to review the decrees approving the said agreement of compensation; also

Two BILLS IN EQUITY, filed on September 6, 1918, praying for injunctions to restrain the enforcement of the same decrees.

The petitions to vacate the decrees were heard by *J. F. Brown*, J. The facts and the proceedings are described in the opinion. The petitions were denied as there stated and the insurer appealed.

The bills of review were allowed to be filed by orders made on September 13, 1918. The cases were heard by *J. F. Brown*, J., who made decrees that the bills of review be dismissed. He also made decrees dismissing the bills in equity. The insurer appealed from all the decrees.

St. 1911, c. 751, Part III, § 4, as amended by St. 1912, c. 571, § 9, is as follows: "If the association and the injured employee reach an agreement in regard to compensation under this act, a memorandum of the agreement shall be filed with the Industrial Accident Board and, if approved by it, thereupon the memorandum shall for all purposes be enforcible under the provisions of Part III, section eleven. Such agreements shall be approved by said board only when the terms conform to the provisions of this act."

St. 1911, c. 751, Part III, § 11, as amended by St. 1912, c. 571, § 14, and St. 1917, c. 297, § 7, is as follows: "Any party in interest may present certified copies of an order or decision of the board, a decision of a member from which no claim for review has been filed within the time allowed therefor, or a memorandum of agree-

ment approved by the board, and all papers in connection there-
with, to the Superior Court for the county in which the injury
occurred or for the county of Suffolk, whereupon said court shall
render a decree in accordance therewith and notify the parties.
Such decree shall have the same effect and all proceedings in
relation thereto shall thereafter be the same as though rendered
in a suit duly heard and determined by said court, except that
there shall be no appeal therefrom upon questions of fact, or
where the decree is based upon a decision of a member or a mem-
orandum of agreement, and that there shall be no appeal from a
decree based upon an order or decision of the board which has not
been presented to the court within ten days after the notice of
the filing thereof by the board. Upon the presentation to it of a
certified copy of a decision of the Industrial Accident Board end-
ing, diminishing or increasing a weekly payment under the provi-
sions of Part III, section twelve, the court shall revoke or modify
the decree to conform to such decision."

The case was argued at the bar in December, 1918, before
*Rugg*, C. J., *Loring, Braley, De Courcy, & Pierce*, JJ., and after-
wards was submitted on briefs to all the Justices.

*H. S. Avery*, for the insurer.

*W. N. Osgood*, for the dependent widows.

PIERCE, J.   Before November 2, 1916, the London Guar-
antee and Accident Company, Limited, issued to one T. Owen
Tully a policy of insurance under the workmen's compensation
act to cover a period from January 3, 1916, to January 3, 1917.
On November 2, 1916, William E. Sterling, the deceased husband
of Rena E. Sterling, and William L. Sterling, the deceased hus-
band of Maud M. Sterling, employees of the said T. Owen Tully,
a carpenter contractor, in the course of their employment while
engaged in installing shifting boards on the steamship Devonian
while the steamship was lying at the wharf in Boston Harbor,
at Boston, upon navigable water, came to their deaths through
exposure to fumigating gas used on the steamship for the purpose
of exterminating rats and vermin before the loading of the ship.

At some time before March 21, 1917, the insurance company
and the two widows came to an agreement by which the insurance
company agreed to pay to each "$10 weekly for a period of four
hundred weeks," beginning with November 2, 1916. In accord-

ance with St. 1911, c. 751, Part III, § 4, and amendments thereof, these agreements were signed and filed with the Industrial Accident Board on March 21, 1917. They were approved by that board on April 20 and 26, 1917. The insurance company made the agreed compensation payments as they became due up to August 8, 1917, when it learned that the United States Supreme Court in *Southern Pacific Co. v. Jensen*, 244 U. S. 205, in May, 1917, had decided that it was beyond the power of the several States to enact a workmen's compensation act applicable to injuries occurring upon navigable waters. Thereupon the insurance company stopped making payments under the agreements and have made no further payments thereon. The widows and their representatives were advised by the insurance company as to the reasons why the payments were discontinued. Subsequently each of the widows brought proceedings under Part III, § 11, in the Superior Court for a decree on the agreement. After due hearing and in accordance with the statute the petitions of the widows were allowed. Decrees based upon the memoranda of agreement were made on September 5, 1917, and the insurer appealed therefrom. The act makes no provision for appeal from a decree of the Superior Court, such as was here entered. *Dempsey's Case*, 230 Mass. 583.

On October 1, 1917, the insurance company filed petitions and amended petitions in each case to vacate the decrees; it also filed motions in each case to vacate the decrees. These petitions and motions after hearing were severally denied on March 16 and April 18, 1918, and the insurance company in each case severally appealed. It is plain that the petitions and motions to vacate the decrees were denied rightly. The procedure under the compensation act is governed by the practice in equity. *Gould's Case*, 215 Mass. 480. The right first created by St. 1875, c. 33, now R. L. c. 193, §§ 15–19, to have final judgments in civil actions reviewed and vacated in practice is limited to proceedings in courts of law under the forms of the common law as distinguished from suits in equity and criminal prosecutions.

On May 2, 1918, the insurance company filed a petition in each case with the Industrial Accident Board, in which it prayed "that the agreement entered into by the insurer with the widow of the deceased employee be modified and annulled and that the insurer

be forthwith released from the payment of any further compensa-
tion by the said Industrial Accident Board;" and it asked for this
relief on the ground that "the agreement entered into by the in-
surer with the dependent was made by mistake of fact and through
a misunderstanding as to the meaning of the law." On May 14,
1918, the Industrial Accident Board, after hearing, entered the
decision, "The above petition is denied." On May 21, 1918, the
insurance company presented to the Superior Court certified
copies of the decisions and prayed "that review of said decision
be made and a decree entered thereon in accordance with the law
and the facts." On September 13, 1918, the cases came on for
hearing and it was decreed in each "that the order of the Industrial
Accident Board denying the insurer's petition be affirmed." On
September 13, 1918, the insurance company appealed from the
decrees entered in the above cases.

"The Industrial Accident Board is not a court of general or
limited common law jurisdiction; . . . it is purely and solely an
administrative tribunal, specifically created to administer the
workmen's compensation act in aid and with the assistance of
the Superior Court. . . . [It] possesses only such authority and
powers as have been conferred upon it by express grant or arise
therefrom by implication as necessary and incidental to the full
exercise of the granted powers." *Levangie's Case*, 228 Mass. 213,
216. The agreement between the insurance company and the
widows was an undertaking to pay compensation under the act.
It was not an admission of any common law or statutory liability
under a claim for damages resulting to the claimants because of
the conscious pain, suffering and death of their husbands, the
employees, and the amount agreed to be paid was not an adjust-
ment settlement or compromise of an admitted or disputed claim
for damages grounded on causes of action outside the scope of
the compensation act. The jurisdiction of the Industrial Accident
Board under Part III, § 4, to approve agreements regarding com-
pensation, and the jurisdiction of the Superior Court under
Part III, § 11, to "render a decree in accordance" with the agree-
ment "approved by the Industrial Accident Board," necessarily
rest upon an assumption and the fact that the agreement concerns
a compensation for injuries sustained by an employee protected
by the act, and then only when the terms of the agreement "con-

form to the provisions of this act." It is fundamental that the Superior Court could not by its decree give validity to an agreement of compensation in its inception void, because not approved by the Industrial Accident Board acting within and under the authority conferred upon it by Part III, § 4 of the act. And of course the agreement is not approved unless the formal approval be also a legal approval and within the jurisdiction conferred on the Industrial Accident Board by the act. It is to be said of the decree of the Superior Court as was said in *Levangie's Case, supra,* of the action of the Industrial Accident Board, "It follows that full performance of the conditions of the act are essential prerequisites to the jurisdiction of the board [court], and that its authority and the statutory limitation upon the exercise of it cannot be enlarged, diminished or destroyed by express consent or waived by acts of estoppel." "Consent cannot give jurisdiction where the law has not given it." *Jordan v. Dennis,* 7 Met. 590. *Gilman v. Thompson,* 11 Vt. 643, 647. The action of the Industrial Accident Board and of the Superior Court was without jurisdiction, was a nullity and void, but the validity of the order and decree cannot be questioned on appeal for the reasons stated in *Dempsey's Case, supra.*

On September 6, 1918, the insurance company filed petitions for leave to file a bill of review in each case. These petitions were allowed and bills of review were filed on September 13, 1918. On October 16, 1918, decrees were entered dismissing the bills of review, and the petitioner appealed.

The fact that the injuries to which the agreements of compensation relate were maritime in their nature and hence not within the scope of the workmen's compensation act under the Jensen decision, *supra,* was apparent on the record when presented to the Superior Court, and also when "in accordance to said agreement" on September 5, 1917, the Superior Court "decreed that the said . . . insurer . . . pay . . . ten dollars weekly for a period of four hundred weeks from November 2nd, 1916." In the opinion of a majority of the court it follows that the decree of September 5, 1917, was void for want of jurisdiction and must be vacated for error on the face of the decree. *Clapp v. Thaxter,* 7 Gray, 384, 386. *Sawyer v. Davis,* 136 Mass. 239, 247.

On September 6, 1918, the insurance company brought bills in

equity to enjoin the two widows from enforcing the decrees of September 5, 1917. Answers were filed and the cases were set down for hearing on bill and answer. After hearing and argument of counsel, each bill was dismissed, and the petitioner appealed. As the decree of September 5, 1917, must be vacated for error on the face of the decree, it is unnecessary to decide whether the petitioner is entitled to injunctive relief. See *Boston Diatite Co.* v. *Florence Manuf. Co.* 114 Mass. 69; *Palmer* v. *Lavers,* 218 Mass. 286; *Currier* v. *Esty,* 110 Mass. 536; *Amherst College* v. *Allen,* 165 Mass. 178. These bills in equity must be dismissed without prejudice and without costs.

*Decrees accordingly.*