### DIEGO DiLEO'S CASE.

Suffolk.    April 10, 1936. — October 29, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Workmen's Compensation Act,* Appeal, Agreement as to compensation.

Under G. L. (Ter. Ed.) c. 152, § 11, as amended by Sts. 1932, c. 129, § 1; 1935, c. 484, no appeal lay from a decree of the Superior Court upon a "memorandum of agreement" between the employee and the

insurer approved by the Industrial Accident Board, although, because of the locality of the employment and the injury, neither the board nor the court would have had jurisdiction to award compensation.

CERTIFICATION to the Superior Court under the workmen's compensation act of a decision by the Industrial Accident Board.

In the Superior Court, by order of *Sisk*, J., a decree was entered in accordance with the decision of the board. The insurer appealed.

*W. G. Reed*, (*E. H. Potter* with him,) for the insurer.

*Nicholas Fusaro & Nunziato Fusaro*, for the claimant, submitted a brief.

RUGG, C.J. This is an appeal by the insurer from a decree entered on March 6, 1936, ordering it to pay compensation to the employee at a specified rate from June 19, 1933, to be continued in accordance with the provisions of the workmen's compensation act. The ground of objection is that the court was without jurisdiction because the contract of hiring between the employee and his insured employer, and the injury received in the course of and growing out of that employment, took place on land belonging to the United States of America located in the town of Rutland within the territorial limits of this Commonwealth.

The history of the case as disclosed by the record may be summarized briefly. The employee was injured on October 9, 1932. On October 23, 1932, the employee and the insurer entered into an agreement for payment of compensation for the injuries sustained by the employee in the course of his employment by the insured employer at the rate of $14.66 per week during his total disability. This agreement was approved by the Industrial Accident Board on January 12, 1933. Payments were made accordingly by the insurer for a time. G. L. (Ter. Ed.) c. 152, § 6. A hearing was had on June 19, 1933, on the question of the discontinuance of the payments. G. L. (Ter. Ed.) c. 152, § 7. In a decision filed August 9, 1933, the single member of the board found that the employee continued to be totally disabled and was entitled to continuance of compensation at the same rate. The insurer sought to raise the question

of jurisdiction, but the single member ruled, subject to the exception of the insurer, that it had no right to raise that question at that time. The insurer claimed a review. The reviewing board, on November 10, 1933, affirmed the finding and ruling of the single member. The insurer presented certified copies of the decisions of the single member and the reviewing board to the Superior Court and asked that a "decree be entered on said findings and decision." G. L. (Ter. Ed.) c. 152, § 11, as amended by St. 1932, c. 129, § 1. The insurer then filed a motion that the case be recommitted to the Industrial Accident Board for the purpose of taking evidence to determine whether "the Veterans Bureau Hospital in Rutland, where the work was performed and the contract of hire with the employee made, is the same property referred to in" St. 1922, c. 409. An order was entered granting that motion. In conformity to that order a final decision after hearing was rendered on January 23, 1936, to the effect that the work was performed and the contract of hire with the employee was made on the property referred to in St. 1922, c. 409. On March 6, 1936, a decree was entered in approved form, *Johnson's Case*, 242 Mass. 489, 494–495, in substantial conformity to the terms of the agreement between the employee and the insurer for the payment of compensation which had been approved by the Industrial Accident Board on January 12, 1933. It provided specifically "that there is due the employee compensation at the rate of $14.66 a week from June 19, 1933, to be continued in accordance with the provisions" of the workmen's compensation act, and further ordered the insurer to pay fifty dollars to cover the cost to the employee of the hearing on review. From this decree the insurer has attempted to appeal.

The right of appeal from a decree entered in the Superior Court under the workmen's compensation act is prescribed and limited by G. L. (Ter. Ed.) c. 152, § 11, as amended by St. 1932, c. 129, § 1, and St. 1935, c. 484, in these words: "Any party in interest may present certified copies of . . . a memorandum of agreement approved by the department, and all papers in connection therewith, to the superior

court . . . . The court shall thereupon render a decree in accordance therewith . . . . Such decree shall have the same effect, and all proceedings in relation thereto shall thereafter be the same, as though rendered in a suit duly heard and determined by said court, except that there shall be no appeal therefrom . . . where the decree is based upon . . . a memorandum of agreement . . . ." The terms of this statute render it plain that there can be no appeal in the circumstances here disclosed. This point is covered by decision. *Dempsey's Case,* 230 Mass. 583, 586–587. *Sterling's Case,* 233 Mass. 485, 488, 490. In each of those cases the jurisdiction of the Industrial Accident Board and of the court was assailed on the ground that the injury of the employee arose under admiralty jurisdiction and that therefore the workmen's compensation act was not applicable. *Southern Pacific Co.* v. *Jensen,* 244 U. S. 205. Although there was no doubt that the injury in each of those cases was received within admiralty jurisdiction, yet, since the decree was entered pursuant to a memorandum of agreement between the employee and the insurer, the jurisdiction of the State court was held not open to question on appeal by reason of the statute above quoted. Compare *Kareske's Case,* 250 Mass. 220; *McCracken's Case,* 251 Mass. 347; *Perkins's Case,* 278 Mass. 294; *Lynch's Case,* 281 Mass. 454. See Act of Congress approved June 25, 1936; 49 U. S. Sts. at Large, 1938, c. 822. In these circumstances, it is not necessary to inquire whether, if there had been no memorandum of agreement, the workmen's compensation act would have been operative for the protection of the employee when the contract of employment and the injury occurred upon land ceded to the United States by this Commonwealth.

*Appeal of insurer dismissed.*