EMPLOYERS' LIABILITY ASSURANCE CORPORATION, LTD. *vs.* DIEGO DiLEO.

Suffolk. April 9, 1937. — September 24, 1937.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Equity Jurisdiction,* Bill of review. *Equity Pleading and Practice,* Decree, Appeal. *Workmen's Compensation Act,* Decree, Injuries to which act applies, Injury occurring on Federal land. *Jurisdiction,* Over Federal land. *Conflict of Laws.*

After the dismissal of its appeal from a decree of the Superior Court in proceedings under the workmen's compensation act because the decree was based on a memorandum of agreement and by statute was

not appealable, a bill of review was the proper means to be employed by the insurer to have determined the question whether on the record the court had jurisdiction to enter the decree; and a decree entered on the bill of review was not based on the memorandum of agreement and was appealable.

Our workmen's compensation act was not in force in 1932 on land located here but ceded to the United States by the Commonwealth under St. 1922, c. 409.

The Superior Court had no jurisdiction to enter a decree under the workmen's compensation act as to compensation to be paid for an injury sustained on Federal territory by one employed under a contract made there.

BILL OF REVIEW, filed in the Superior Court by leave on November 25, 1936.

A demurrer was heard by *Williams*, J., and sustained, and a final decree was entered dismissing the bill. The plaintiff appealed.

*W. G. Reed*, for the plaintiff.

*Nicholas Fusaro & Nunziato Fusaro*, for the defendant, submitted a brief.

QUA, J. This case is here on appeals from an interlocutory decree sustaining a demurrer to a bill of review filed by leave of court and from a final decree dismissing the bill.

The bill is brought by the insurer in a workmen's compensation case to secure review of a final decree in favor of the employee. A bill of review is a proper means to that end. All proceedings in relation to decrees in compensation cases are the same as though the decree had been rendered in a suit in equity duly heard and determined by the court. G. L. (Ter. Ed.) c. 152, § 11, as amended. A bill of review is a proceeding in relation to a decree recognized in general equity practice, *Boston & Maine Railroad* v. *Greenfield*, 253 Mass. 391, 397, and has been employed in compensation cases. *Sterling's Case*, 233 Mass. 485, 490.

These appeals are properly before us. A previous attempt to appeal from the decree in the original compensation proceeding failed because the decree was based upon a "memorandum of agreement," and under said § 11 decrees so based are not appealable. *DiLeo's Case*, 295 Mass. 568. Compare *Kareske's Case*, 250 Mass. 220. But the statu-

tory prohibition of an appeal to this court in such cases does not prevent resort to a bill of review in the Superior Court to correct errors which are open to correction on review, such as lack of jurisdiction apparent on the face of the record, and a decree denying review is not a decree based upon the "memorandum of agreement." These propositions seem to be established as matter of authority by *Sterling's Case*, 233 Mass. 485, 490.

The bill of review alleges that the contract of employment between the employer and the employee had been entered into and the injury had been received at the Veterans' Hospital in Rutland on a tract of land which the Commonwealth had ceded to the United States by St. 1922, c. 409, and over which the Industrial Accident Board had no jurisdiction; that these facts had been brought to the attention of the insurer after the agreement for compensation had been entered into; that at hearings on the question of continuing disability both the single member and the reviewing board denied the right of the insurer to raise the question of jurisdiction at that time; that the Superior Court ruled "that the board had no jurisdiction over the case where both the hiring and injury took place without the Commonwealth," but that later the court recommitted the case to the board for the sole purpose of determining whether the hospital where the work was performed and where the contract of hire was made "is the same property referred to" in the statute of 1922; that the board found that it was the same property; that thereafter the court ordered payment of compensation to be continued in accordance with the act, thereby impliedly ruling that the board had jurisdiction. Inasmuch as lack of jurisdiction over the subject matter can be raised at any stage in a proceeding, *Cheney* v. *Boston & Maine Railroad*, 227 Mass. 336, the allegations of the bill of review were sufficient to show error of law on the face of the record, if the final ruling allowing compensation was error. *Sterling's Case*, 233 Mass. 485, 490. It follows that we must now deal with the question of jurisdiction which was left open in *DiLeo's Case*, 295 Mass. 568, 571.

By St. 1922, c. 409, the Commonwealth consented to the purchase by the United States of the land in question and "granted and ceded" to the United States jurisdiction over the same upon the sole condition that the Commonwealth should retain concurrent jurisdiction with the United States with respect to the service of process thereon. Under art. 1, § 8, cl. 17, of the Constitution of the United States the Congress has power "to exercise exclusive legislation in all cases whatsoever" over the District of Columbia "and to exercise like authority over all places purchased by the consent of the legislature of the state in which the same shall be, for the erection of forts . . . and other needful buildings." It results that, for the purposes of this case, the land on which the Veterans' Hospital was located was not a part of this Commonwealth, and neither our administrative officers and boards nor our courts had any jurisdiction over it. *Fort Leavenworth Railroad* v. *Lowe*, 114 U. S. 525. *Western Union Telegraph Co.* v. *Chiles*, 214 U. S. 274. *Arlington Hotel Co.* v. *Fant*, 278 U. S. 439. *Commonwealth* v. *Clary*, 8 Mass. 72. *Mitchell* v. *Tibbetts*, 17 Pick. 298. *Opinion of the Justices*, 1 Met. 580. *Newcomb* v. *Rockport*, 183 Mass. 74. *People* v. *Hillman*, 246 N. Y. 467. The exclusive power of legislation granted by the Constitution carries with it exclusive jurisdiction. *Surplus Trading Co.* v. *Cook*, 281 U. S. 647.

It is true that after a cession of jurisdiction over territory from one sovereign to another the existing municipal laws, including statutes, relating to the title to property or intended for the protection of private rights, continue in force until changed by the new sovereign. *Chicago, Rock Island & Pacific Railway* v. *McGlinn*, 114 U. S. 542. *Vilas* v. *Manila*, 220 U. S. 345. Upon this principle it has been held that an action for negligence at common law could be maintained in a State court for a cause arising in ceded territory. *Kaufman* v. *Hopper*, 220 N. Y. 184. And the same ruling has been made as to an action for death under a statute which had been enacted before the cession. *McCarthy* v. *R. G. Packard Co.* 105 App. Div. (N. Y.) 436. *Danielson* v. *Donmopray*, 57 Fed. (2d) 565. See Act of

February 1, 1928, c. 15, 45 U. S. Sts. at Large, 54. But
we are of opinion that this principle does not extend so far
as to keep alive a workmen's compensation act such as
ours in territory complete jurisdiction over which has been
ceded in accordance with the constitutional provision here-
inbefore quoted. Under our act an injury does not give
rise to a cause of action in the ordinary sense which, like
other transitory causes of actions, can at once be taken
into any court of general jurisdiction wherever service can
be had and there reduced to final judgment. The act
"creates rights and remedies and procedure all its own."
*Ahmed's Case*, 278 Mass. 180, 184. *Gould's Case*, 215 Mass.
480, 482. The rights of the injured workman must be
established through the aid of the Industrial Accident
Board, which is solely an administrative tribunal of this
Commonwealth. G. L. (Ter. Ed.) c. 152, §§ 5, 6, 7, 8, 10.
*Levangie's Case*, 228 Mass. 213, 216. *Johnson's Case*, 242
Mass. 489, 493. And this Commonwealth, as to the land
ceded, has become a foreign jurisdiction. Moreover the
rights of the parties under the act are subject for an indefi-
nite period to repeated change and to continuous super-
vision by the board as circumstances may require. § 12. If
a board of this kind is to continue thus to exercise its pe-
culiar functions with respect to ceded territory it is diffi-
cult to see why other administrative officers, boards, and
commissions of the Commonwealth or of the municipality
should not likewise continue to perform their duties. In
this way the objects of the cession of jurisdiction would be
frustrated. The decisions are uniform that new enactments
by the Legislature of the ceding State after the cession do
not take effect in the ceded area. Hence the process of
amending the act might soon lead to a situation where the
board, which must operate under amended laws, would no
longer be capable of enforcing according to its former terms
a compensation law which, as to the tract ceded, had
remained static. Compare *Murray* v. *Joe Gerrick & Co.* 291
U. S. 315, 318. See Am. Law Inst. Restatement: Conflict
of Laws, c. 9, Topic 3, Introductory Note. In *Opinion of
the Justices*, 1 Met. 580, 583, it was said that persons resid-

ing within ceded territory "do not acquire the civil and political privileges, nor do they become subject to the civil duties and obligations of inhabitants of the towns within which such territory is situated." It was there said that such persons were not entitled to the benefit of the common schools, or to poor relief, that they acquired no right to vote and were not subject to taxes. Our conclusion is in accord with the reasoning of *Allen* v. *Industrial Accident Commission*, 3 Cal. (2d) 214. *State* v. *Department of Labor & Industries*, 167 Wash. 507, seems opposed. See also *Farley* v. *Scherno*, 208 N. Y. 269; *Barrett* v. *Palmer*, 135 N. Y. 336; *Palmer* v. *Barrett*, 162 U. S. 399. Compare *Matter of Kernan*, 247 App. Div. (N. Y.) 664; *Lowe* v. *Lowe*, 150 Md. 592.

In *Lynch's Case*, 281 Mass. 454, we held that where the contract of employment was made in this Commonwealth the extraterritorial provisions of our act became a part of the contract, so that our act applied in case of injury on Federal territory, as it would in case of injury in another State. There is no room for the operation of that principle in the present case, where the contract of employment was made on Federal territory and the injury was received there. So far as we are aware it has never been held that recovery can be had under the compensation act of a State when the contract of employment was not made in that State and the injury did not occur there. Beale, Conflict of Laws, § 401.1. Am. Law Inst. Restatement: Conflict of Laws, § 400.

By Act of June 25, 1936, 49 U. S. Sts. at Large, 1938, Congress has declared that the States shall have power to apply their compensation laws to ceded lands, but that act does not affect this case.* *O'Hara's Case*, 248 Mass. 31, 40.

*Decrees reversed.*

---

* The injury to the employee in this case occurred in 1932. — REPORTER.