## ROSE L'HEUREUX'S CASE.

Worcester.    September 25, 1940. — October 31, 1940.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Workmen's Compensation Act*, Appeal.

Under G. L. (Ter. Ed.) c. 152, § 11, no appeal to this court lay from a
    decree of the Superior Court purporting to be based solely on an agree-
    ment for compensation.

CERTIFICATION to the Superior Court under the work-
men's compensation act, with all papers connected there-
with, of an agreement as to compensation, between the em-
ployee and the insurer, for payment of compensation from
March 10, 1936, "until terminated in accordance with the
provisions of the workmen's compensation law."

The case was heard by *T. J. Hammond*, J., by whose
order there was entered a decree "that the compensation
agreement refers to the period from March 10, 1936, through
March 31, 1937, . . . and that the employee's motion for
a decree for compensation continuing beyond March 31,
1937, should be and is denied." The employee appealed.

*J. Y. Young*, (*Nunziato Fusaro* with him,) for the claimant.

*G. Gleason & F. L. Guertin*, for the insurer, submitted a
brief.

QUA, J.    The employee and the insurer executed an
agreement for compensation (later approved by the de-
partment), stating that the employee's disability began
"3–10–36"; that the nature of her injury was "Anemia as
a result of inhaling fumes"; and that the probable length
of disability was six months. At the bottom of this agree-
ment, after the words "Date of Agreement" appear the
figures "4–15–37." Under the date "3–31–37," the em-
ployee signed an agreement that the insurer might discon-
tinue compensation as of that date. See G. L. (Ter. Ed.)
c. 152, § 29, as amended. Under date of April 1, 1937,

(received April 2) three impartial physicians, whose report is "binding on the parties," G. L. (Ter. Ed.) c. 152, § 9B, as inserted by St. 1935, c. 424, (see now St. 1938, c. 462) reported that their diagnosis of the employee was "No Disease." Under date of April 1, 1937, the secretary of the board wrote to the employee stating that the board was returning therewith "the agreements which you sent with your letter of the 26th instant," and advising her in substance that if she signed "these agreements" the liability of the insurer would be established to pay compensation for the period from March 10, 1936, to April 1, 1937, and that signing the agreement to discontinue would merely permit the insurer to stop compensation but would not be a final settlement of her rights. Under date of April 13, 1937, the secretary requested the insurer to "file with the Department immediately agreement in regard to compensation and agreement to discontinuance." Both the agreement for compensation and the agreement to discontinue were actually received by the board on April 27, 1937. On April 26, 1938, the employee filed a request for a hearing by a member of the board, but no hearing was held and no decision was made either by a single member or by a reviewing board. Seemingly the employee decided to rely upon the agreement for compensation.

The employee now contends, as we understand her position, that because the agreement for compensation bears the date "4-15-37," while the agreement to discontinue bears the earlier date "3-31-37," the agreement to discontinue does not stop compensation under the agreement for compensation, though both were filed on the same day, and that she is still entitled to receive compensation after March 31. She attempts to appeal to this court from a decree of the Superior Court refusing her compensation under the agreement for compensation for any period after March 31, 1937.

The appeal is not properly before us. G. L. (Ter. Ed.) c. 152, § 11, provides for certification to the Superior Court of an order or decision of the reviewing board, a decision of a member from which no claim of review has been filed, or

a memorandum of agreement approved by the department, and all papers connected therewith, but the same section also expressly provides that there shall be no appeal (to the Supreme Judicial Court) "where the decree is based upon a decision of a member or a memorandum of agreement." In *Kareske's Case,* 250 Mass. 220, 224–225, this court explained that under the compensation act a court decree could be obtained only (1) through the medium of a voluntary accord between the parties, or (2) through an adversary proceeding leading to a decision by a board member or by the reviewing board. There is no other basis for a decree in the Superior Court in compensation cases. The history of the present case, as hereinbefore outlined, shows that there have been no hearing and no decision of any kind in the board. The only foundation for any proceeding in the Superior Court was the agreement for compensation. Any decree which that court could enter must therefore of necessity be "based upon" the agreement. The case belongs to a class which the Legislature intended should not come to this court on appeal, and because of the express prohibition of the statute no appeal could be taken. *Dempsey's Case,* 230 Mass. 583, 586, 587. *Sterling's Case,* 233 Mass. 485, 488, 490. *DiLeo's Case,* 295 Mass. 568. Compare *Employers' Liability Assurance Corp. Ltd.* v. *DiLeo,* 298 Mass. 401.

*Appeal dismissed.*