## ALEXANDER GREEN'S CASE.

Suffolk.    November 6, 1952. — March 12, 1953.

Present: QUA, C.J., LUMMUS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Workmen's Compensation Act*, Procedure: costs, appeal, decree; Attorney's fee.  *Words*, "Prevails."

An appeal to this court by the insurer in a workmen's compensation case lay from so much of a decree, entered in the Superior Court under G. L. (Ter. Ed.) c. 152, § 11, upon an approved memorandum of agreement, as made an allowance to relieve the employee of the reasonable cost of attorney's fees, briefs and other necessary expenses under § 11A, inserted by St. 1945, c. 444, as amended.  [64–67]

A claimant in a workmen's compensation case, who, upon the insurer's procuring a certification to the Superior Court of an approved memorandum of agreement under G. L. (Ter. Ed.) c. 152, § 11, secured the inclusion in the decree entered on the agreement of a provision preserving to him a right to prosecute an action against his employer for his injury under the Jones act, "prevail[ed]" within § 11A, inserted by St. 1945, c. 444, as amended, so that an allowance under § 11A to relieve him of the reasonable cost of attorney's fees, briefs and other necessary expenses was authorized; but an allowance in the amount of $500 was excessive on the evidence and must be reduced to $250. [67–69]

An allowance made in a workmen's compensation case under G. L. (Ter. Ed.) c. 152, § 11A, inserted by St. 1945, c. 444, as amended, to relieve the claimant of the reasonable cost of attorney's fees, briefs and other necessary expenses should be made to the claimant and not to his counsel. [69]

CERTIFICATION to the Superior Court under the workmen's compensation act.

The case was heard by *Rome*, J.

In this court the case was submitted on briefs.

*Merritt J. Aldrich*, for the insurer.

*Samuel B. Horovitz, Bertram A. Petkun, & Laurence S. Locke*, for the claimant.

SPALDING, J.   On May 16, 1951, the employee was injured while in the employ of the Blakeslee Rollins Corporation, hereinafter called the employer.   The record does not

disclose the circumstances of the injury but it seems to be undisputed that the employee has a remedy either under our workmen's compensation act or under the Jones act, U. S. C. (1946 ed.) Title 46, § 688. On May 29, 1951, the employer's insurer and the employee entered into an agreement for compensation and a memorandum thereof was filed with, and approved by, the department of industrial accidents in accordance with the provisions of G. L. (Ter. Ed.) c. 152, § 6, as amended. Thereafter the insurer filed in the Superior Court certified copies of the memorandum of agreement and "all papers in connection therewith" in order that a decree enforcing the agreement be entered. G. L. (Ter. Ed.) c. 152, § 11. After hearing the judge entered a decree to the effect that the employee had "sustained a personal injury which arose out of and in the course of his employment" and was entitled to weekly compensation of $32.50 pursuant to the provisions of c. 152. At the instance of the employee's counsel the decree stated that it was "to be without prejudice in any event to any rights the employee may have as a seaman in Civil Action No. 52–326, now pending in the District Court of the United States for the District of Massachusetts." The decree also awarded $500 to the employee's counsel as "the reasonable costs of . . . attorney fees, briefs and other necessary expenses." G. L. (Ter. Ed.) c. 152, § 11A, inserted by St. 1945, c. 444, as amended by St. 1949, c. 372. The insurer appealed.

1. The insurer properly does not appeal from so much of the decree as pertains to the award of compensation, for by the express terms of § 11 no appeal lies where, as here, "the decree is based upon . . . a memorandum of agreement." *L'Heureux's Case*, 307 Mass. 177, 179, and cases cited. In its brief it limits the appeal to the matter of costs awarded under § 11A. We are faced in limine with the question whether the appeal is rightly here. The employee urges that since the main portion of the decree is based upon "a memorandum of agreement" and is unappealable under § 11 there should be no appeal from the award of costs,

which is but an incident to that decree and ought not to be split off for purposes of review. At first blush there is plausibility in this argument, but it oversimplifies the problem and on further analysis seems to us unsound.

In equity proceedings the award of costs is governed by G. L. (Ter. Ed.) c. 261, § 13, and is discretionary with the court. But it has been held that one against whom only costs have been awarded was aggrieved and may appeal from the decree. *Watkins* v. *Simplex Time Recorder Co.* 316 Mass. 217, 218. In that case the plaintiff brought a bill in equity to compel the defendant company to issue to him stock certificates representing shares in the company, which he had allegedly acquired from his father. The company answered, disclaiming any interest in the ownership of the shares, and the executor of the father's estate was allowed to intervene as a party defendant and assert its claim. From a decree adjudging the plaintiff to be the owner of the stock, and ordering the company to issue certificates to him therefor, both defendants appealed. The plaintiff moved in this court to dismiss the company's appeal on the ground that it was not a party aggrieved. The company was in the position of a stakeholder and would not ordinarily have had an appealable interest in the substantive aspects of the controversy. *Nesbit* v. *Cande*, 206 Mass. 437. *Ballard* v. *Maguire*, 317 Mass. 130. The court held, however, that since the company had been ordered to pay costs it was an aggrieved party within the meaning of G. L. (Ter. Ed.) c. 214, § 19, and could appeal from the decree. See also *Lewis* v. *National Shawmut Bank*, 303 Mass. 187, where it was said that an allowance of costs and expenses under G. L. (Ter. Ed.) c. 215, § 45, in a case on the equity side of the Probate Court could be brought to this court on appeal by a party who did not appeal from the substantive portion of the decree. If a decree for costs in an equity suit can create an appealable interest where none would otherwise exist, we see no reason why an award of costs may not be reviewed in a case like the present. "All proceedings in

relation to decrees in compensation cases are the same as though the decree had been rendered in a suit in equity duly heard and determined by the court." *Employers' Liability Assurance Corp. Ltd.* v. *DiLeo,* 298 Mass. 401, 402. G. L. (Ter. Ed.) c. 152, § 11.

To permit such an independent review on the matter of costs would in no way conflict with the statutory prohibition of appellate review of the substantive portion of the decree or with the reasons upon which that prohibition is apparently based. The obvious reason for denying an appeal on the merits where a decree is based on an agreement is that there is no need for one, the parties having composed their differences by the agreement. But a review of the issue presented here has nothing to do with the agreement. The allowance of costs here introduced a new subject matter into the controversy which was separable and distinct from the original dispute between the parties and ought on principle to be appealable. See *Vincent* v. *Plecker,* 319 Mass. 560, 564–565.

A contrary conclusion would mean that the insurer would have no effective way of bringing the question to this court. It has been held that a decree which is unappealable under § 11 may nevertheless be brought to this court by a bill of review to determine whether the court had jurisdiction to enter it. *Employers' Liability Assurance Corp. Ltd.* v. *DiLeo,* 298 Mass. 401. And we assume that under that principle a bill of review could be brought to determine whether a portion of a decree, such as an award of costs, was beyond the court's jurisdiction. However, the only basis for a bill of review in a case like the present would be to show error of law apparent on the record. *Boston & Maine Railroad* v. *Greenfield,* 253 Mass. 391, 397. The second and third grounds stated in the *Greenfield* case (new evidence and new matter) would not be applicable. While such a review would present the question whether the court had power to award costs it would not reach the question of an excessive or inadequate award, for that would depend on evidence which would not constitute a part of the record.

*Lewis* v. *National Shawmut Bank*, 303 Mass. 187, 191–192. *Nelson* v. *Bailey*, 303 Mass. 522, 524–525. It is apparent, therefore, that the remedy afforded by a bill of review would not be adequate in a case like the present.

2. The insurer contends that the judge below was without authority to order the payment of costs under G. L. (Ter. Ed.) c. 152, § 11A,[1] and that in any event the amount allowed was excessive. Since the certification to the Superior Court was by the insurer, the employee would be entitled to costs if he "prevails." With the exception of a matter presently to be discussed, the employee takes by the decree exactly the same compensation as he was receiving under the agreement upon which the decree was based. The compensation is to continue in accordance with the provisions of G. L. (Ter. Ed.) c. 152, subject to modification in certain particulars as changed conditions may require. The only circumstance in which the employee's present situation differs from that existing before the entry of the decree is that the decree contains the words, "The foregoing decree to be without prejudice in any event to any rights the employee may have as a seaman in Civil Action No. 52–326, now pending in the District Court of the United States for the District of Massachusetts."

The employee's position in substance is that by obtaining the qualification just mentioned he has prevailed within the meaning of that word in § 11A, inasmuch as the decree now cannot be pleaded effectively by the insurer as res judicata in the employee's action in the Federal court. We are of opinion that the qualification constituted a reservation of decision of any question which might affect the employee's action in the Federal court and preserved his right to proceed there under the Jones act. See *Scullin* v. *Cities Service Oil Co.* 304 Mass. 75, 85; *Gallagher* v. *New York*

---

[1] The pertinent language of § 11A is as follows: "If the certification or appeal to the superior court is by the insurer, and the claimant prevails, the superior court . . . . shall allow the claimant, in addition to the award in the decree, an amount sufficient to relieve the employee of the reasonable cost of attorney's fees, briefs and other necessary expenses that result from the certification or appeal."

*Dock Co.* 19 N. Y. Sup. (2d) 789, 794–795; *Media-69th Street Trust Co.'s Trust Mortgage Pool Case,* 344 Pa. 223, 236; Note, 149 A. L. R. 553. In the absence of such a qualification the decree of the Superior Court, on its face, would seem to come within the principle stated in *Chicago, Rock Island & Pacific Railway* v. *Schendel,* 270 U. S. 611. There it was held that a final adjudication by an Iowa court awarding workmen's compensation for the death of a railroad employee precluded further litigation as to the facts upon which the jurisdiction of that court rested. The court pointed out that the Iowa proceeding was brought and determined on the theory that the employee had been killed while engaged in intrastate commerce. Thus the employee's widow, who had been a party to the Iowa proceedings and for whose benefit an action under the Federal employers' liability act had been instituted in the courts of Minnesota, was held to be bound in that action by the factual determination of the Iowa court. To the same effect are *Hagens* v. *United Fruit Co.* 135 Fed. (2d) 842 (C. C. A. 2), and *Landreth* v. *Wabash Railroad,* 153 Fed. (2d) 98 (C. C. A. 7). Compare *Hoffman* v. *New York, New Haven & Hartford Railroad,* 74 Fed. (2d) 227 (C. C. A. 2); *Bretsky* v. *Lehigh Valley Railroad,* 156 Fed. (2d) 594 (C. C. A. 2).

Here the question which might have been foreclosed by an unqualified decree in the Superior Court was that of the employee's status as a seaman. While there are doubtless some issues of fact which are not common to the two proceedings, yet, as in the *Schendel* case, since the issue as to whether the employee's work when he was injured was of a maritime nature goes to the basis of the jurisdiction either to award workmen's compensation under G. L. (Ter. Ed.) c. 152 or to allow recovery under the Jones act, its determination is essential to both. It may be true, as the insurer argues, that the result of the qualification of the decree is to make that decree unenforceable, but neither that issue nor its ramifications are properly before this court. *Sterling's Case,* 233 Mass. 485. *DiLeo's Case,* 295 Mass. 568. *Employers' Liability Assurance Corp. Ltd.* v. *DiLeo,* 298 Mass.

401. It is immaterial that the employee's success in the Superior Court may not be measured in terms of benefits secured under the workmen's compensation act. It is enough that he has preserved an opportunity to prosecute his claim against the employer under the Jones act. The attempt to preserve that right was the only matter in issue in the Superior Court and its decision was favorable to the employee. He, therefore, prevailed within the meaning of § 11A. See *New Haven & Northampton Co.* v. *Northampton*, 102 Mass. 116; *Smith* v. *Wenz*, 187 Mass. 421, 425; *Ahmed's Case*, 278 Mass. 180, 188–189.

The conclusion that an award under § 11A was warranted, however, does not terminate the inquiry. The insurer contends that the amount of the award was excessive, and in this contention it is correct. The evidence upon which the court below based its award of $500 has been brought here as part of the record on appeal, and this court is therefore in as good a position as the court below to judge of the correctness of the amount. The criteria which govern the question have been amply stated in *Dillon's Case*, 324 Mass. 102, 112–113, and need no repetition here. See also *Hayden* v. *Hayden*, 326 Mass. 587, 596. A consideration of the evidence presented leads to the conclusion that an award of $250 will be adequate.

The decree was also erroneous in another respect; it should have awarded costs to the employee and not to his counsel. *Rosman* v. *Rosman*, 302 Mass. 158, 161.

Accordingly the final decree is modified by reducing the amount allowed for attorney's fees, briefs, and expenses to $250, and by ordering payment thereof to the employee, and, as so modified, is affirmed. Costs under § 11A resulting from this appeal are to be allowed by the single justice.

*So ordered.*